## 5754. SULLIVAN v. THE STATE.

1. An assignment of error in these words: "Because the court erred in charging the jury the relative probate value of positive and negative testimony, in said case, when there was nothing in said case to authorize the same," is fatally defective in not setting forth the language of the instruction to which exception is taken.
2. There was evidence authorizing the verdict.

DECIDED JULY 7, 1914.

Accusation of carrying pistol without license; from city court of Millen—Judge T. L. Hill. April 21, 1914.

*G. C. Dekle,* for plaintiff in error.

*William Woodrum, solicitor, A. S. Anderson,* contra.

ROAN, J. John Sullivan was convicted of the offense of carrying a pistol without a license. Dock Cooper, a witness for the State, testified, in substance, that he was in his wagon in the public road, about one hundred yards in front of the defendant's house, when the defendant came out to him and shot him with a pistol; and that this occurred off the defendant's premises. There was some testimony, offered by the defendant, to show that his farm ran into an adjoining county, and that if he was in possession of the pistol outside of his own premises, it was in another county and after the shooting, when he had gone to take the pistol to a neighbor. The defendant made a statement in which he denied carrying the pistol except on his own place, and claimed that he shot the witness Cooper in self-defense. He excepts to the refusal of a new trial. The motion for a new trial is upon the usual general grounds, and upon the following ground: "Because the court erred in charging the jury the relative probative value of positive and negative testimony, in said case, when there was nothing in said case to authorize the same." The charge of the court is not set out in the record.

1. The assignment of error as to the charge of the court is fatally defective in failing to set forth the language of the portion of the charge excepted to, and therefore can not be considered by this court. See *Beaudrot* v. *State,* 126 *Ga.* 579 (59 S. E. 592).

2. There was sufficient evidence to authorize the finding of the jury that the defendant had the pistol in his manual possession at a place outside of his home or place of business. There being evidence to support the verdict, and no sufficient assignment of error of law, the trial judge did not err in overruling the motion for a new trial.        *Judgment affirmed.*