### LAWRENCE *v.* THE STATE.

BECK, J. 1. Where, upon the trial of one under an indictment charging murder, the court properly charged the jury upon the subject of voluntary manslaughter, that grade of homicide being involved under the evidence in the case, and, following the definition of voluntary manslaughter as contained in the Penal Code, § 65, the court charged: "You will observe from this definition of voluntary manslaughter, that, in order to reduce a homicide from murder to voluntary manslaughter, there must have been some actual assault upon the person killing by the person killed, or an attempt by the person killed to commit serious personal injury on the person killing, or other equivalent circumstances sufficient to justify the excitement of passion, and to exclude all idea of deliberation or malice, express or implied. . . If you believe in this case that this defendant killed the deceased, and at the time of the killing or just before the killing that the deceased made an actual assault upon him or was attempting to commit a serious injury upon him, or other equivalent circumstances to justify the excitement of passion, and he killed him for those reasons, then the crime would not be murder but voluntary manslaughter," it was not error for the court to refuse to charge further, upon written request, that "An assault and battery is a serious injury, as contemplated by the law of voluntary manslaughter given you in charge." So far as the request to charge was legal and pertinent, it had been sufficiently covered by the charge upon the subject of voluntary manslaughter, as given.

2. The evidence authorized the verdict rendered, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
MARCH 9, 1915.

Indictment for murder. Before Judge Daniel. Butts superior court. November 14, 1914.

*O. M. Duke, J. T. Moore,* and *C. L. Redman,* for plaintiff in error.

*Warren Grice, attorney-general, E. M. Owen, solicitor-general,* and *A. L. Henson,* contra.