### 8554. McArthur v. The State.

Wade, C. J. 1. "It is not an invasion of the exclusive province of the jury, to determine all questions of disputed facts, for the judge to charge them that the criminal act alleged against the defendant may be shown by circumstantial evidence, and that if certain specified incriminatory circumstances are proved, the jury would be authorized to infer guilt. In the case sub judice the court instructed the jury that if they believed it to be true, under the evidence, that the defendant and the man with whom she is charged with having committed the act of . . fornication were in bed together, that would be a circumstance that would authorize them to convict." *Radford* v. *State,* 7 *Ga. App.* 600 (2) (67 S. E. 707).

2. Complaint is made that "the court erred in not charging the jury the law of confession." This ground of the amendment to the motion for a new trial is without merit, since it is well settled that even if the evidence authorizes a charge on the law of confessions, the failure to instruct the jury on that subject, in the absence of an appropriate written request so to do, is not cause for a new trial. *Nail* v. *State,* 125 *Ga.* 234 (3) (54 S. E. 145). See also *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850); *Malone* v. *State,* 77 *Ga.* 767 (5); *Sellers* v. *State,* 99 *Ga.* 212 (25 S. E. 178); *Baker* v. *State,* 14 *Ga. App.* 578, 582 (81 S. E. 805); *Cooner* v. *State,* 16 *Ga. App.* 539 (5), 540 (85 S. E. 688).

3. The grounds of the amendment to the motion for a new trial, other than those dealt with above, are not approved by the trial judge, and therefore can not be considered by this court. No error of law appears, the evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

　　　　　*Judgment affirmed. George and Luke, JJ., concur.*
　　　　　Decided April 21, 1917.

Indictment for misdemeanor; from Jeff Davis superior court—Judge Highsmith. December 27, 1916.

*S. D. Dell,* for plaintiff in error.

*Alvin V. Sellers,* solicitor-general, contra.