### 10559.    CAUTHEN *v.* THE STATE.

BLOODWORTH, J. 1. "The newly discovered evidence was merely impeaching in its character, and does not constitute sufficient cause for a new trial." *McCrory* v. *State*, 11 *Ga. App.* 788 (7) (76 S. E. 163); *Moreland* v. *State*, 134 *Ga.* 268 (2) (67 S. E. 804).

2. The ground that the court failed to charge "the law of confessions" is without merit, "since it is well settled that even if the evidence authorizes a charge on the law of confessions, the failure to instruct the jury on that subject, in the absence of an appropriate written request so to do, is not cause for a new trial." *McArthur* v. *State*, 19 *Ga. App.* 747 (2) (92 S. E. 234), and cases cited.

3. As the State introduced a confession—direct evidence—as well as circumstantial evidence, the court did not err, in the absence of a timely written request, in failing to charge the jury the law of circumstantial evidence as embodied in the Penal Code, § 1010. *Horton* v. *State*, 21 *Ga. App.* 120 (2), 121, and cases cited (93 S. E. 1012).

4. The other grounds of the motion for new trial are without merit; there is evidence to support the verdict, which has the approval of the trial judge, and this court cannot interfere.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*

DECIDED JULY 23, 1919.

Indictment for manufacture of liquor; from Pike superior court —Judge Searcy. April 8, 1919.

*Frank L. Adams,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.