### 12561.   JOHNSON *v.* THE STATE.

BROYLES, C. J.   1.   An assignment of error in these words: "Because upon the trial of said case the court erred in his charge to the jury in all its parts by referring to both defendants as though their joint action in the whole matter had been fully established by the evidence; because his honor's charge throughout led the jury to believe that if either of the defendants took the car, or if either of the defendants had possession of the car and that possession was not explained, that both defendants were guilty of taking the car and having it in their possession," is fatally defective, in that it fails to set forth the language of the charge to which exception is taken, and it cannot be considered. *Beaudrot* v. *State,* 126 *Ga.* 579 (55 S. E. 592); *Sullivan* v. *State,* 14 *Ga. App.* 762 (82 S. E. 314).

2.   The excerpt from the charge of the court, complained of in the 2d ground of the amendment to the motion for a new trial, when considered in the light of the entire charge and the facts of the case, is not error for any reason assigned.

3.   The ground that the court erred in failing to charge "the law of inculpatory admissions and confessions" is without merit, since it is well settled that, even if the evidence authorized such a charge, the failure to instruct the jury on that subject, in the absence of an appropriate written request, is not cause for a new trial. *McArthur* v. *State,* 19 *Ga. App.* 747 (2) (92 S. E. 234), and cases cited.

3.   There was some slight evidence which authorized the defendant's conviction, and, the finding of the jury having been approved by the trial judge, this court is without authority to interfere.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED JULY 26, 1921.

Indictment for larceny of automobile; from Polk superior court — Judge Irwin.   May 17, 1921.

*Mundy & Watkins,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.