## 12888.   CHAPMAN v. THE STATE.

1. The request to charge set out in the first special ground of the motion for a new trial, as to the burden on the State to identify the defendant, beyond a reasonable doubt, as one of the persons present when the goods was destroyed, was covered by the general instructions given, and therefore the failure to charge in the language requested is not cause for a new trial. See Park's Penal Code, § 1087, and annotations.

2. Though the evidence authorized a charge on the law of confessions, failure to instruct the jury on that subject, in the absence of a timely written request that they be so instructed, is not, under the facts of the instant case, cause for a new trial.

3. Inculpatory statements made in the presence and hearing of the defendant and neither answered nor denied by him are admissible in evidence. Penal Code (1910), § 1029; *Moye* v. *State*, 66 *Ga.* 740 (2); *Franklin* v. *State*, 69 *Ga.* 36 (2); *Watson* v. *State*, 136 *Ga.* 236 (71 S. E. 122); *Gates* v. *State*, 20 *Ga. App.* 171 (1) (92 S. E. 974).

(*a*) Under this ruling and the facts of the instant case, the evidence the admission of which is complained of in the 3d ground of the amendment to the motion for a new trial was admissible. Moreover, even if it were error to admit that evidence, the error was not such as would authorize this court to grant a new trial, since evidence to the same effect had already been admitted without objection. *Smith* v. *State*, 23 *Ga. App.* 76, 77 (3) (97 S. E. 454). The ruling in the case of *Morris* v. *Stokes*, 21 *Ga.* 552, relied upon by the plaintiff in error, is insufficient to alter our ruling, as the facts of that case are clearly distinguishable from those of the instant case.

4. The evidence authorized the verdict, and the court did not, for any reason assigned, err in overruling the motion for a new trial.

DECIDED JANUARY 18, 1922.

Accusation of destroying tombstone; from city court of Hall county — Judge Sloan. August 27, 1921.

*W. P. Whelchel, C. B. Barrett, B. P. Gaillard Jr.,* for plaintiff in error.

*E. D. Kenyon,* solicitor, contra.

LUKE, J. The 2d headnote alone needs elaboration. It has been repeatedly ruled by the Supreme Court and this court that, although the evidence may tend to show a confession of guilt by the

accused, it is not cause for a new trial for the judge to fail, in the absence of a timely and appropriate written request, to instruct the jury on the subject of confessions. Among the cases in which such a ruling is made are: *Malone* v. *State,* 77 *Ga.* 768 (5); *Nobles* v. *State,* 98 *Ga.* 73 (26 S. E. 64, 38 L. R. A. 577); *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850); *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Nail* v. *State,* 125 *Ga.* 234 (54 S. E. 145); *Pierce* v. *State,* 132 *Ga.* 27 (63 S. E. 792); *Cantrell* v. *State,* 141 *Ga.* 98 (80 S. E. 649); *White* v. *State,* 141 *Ga.* 526 (81 S. E. 440); *Thomas* v. *State,* 150 *Ga.* 269, 271 (103 S. E. 244); *Baker* v. *State,* 14 *Ga. App.* 578, 582 (81 S. E. 805); *Cooner* v. *State,* 16 *Ga. App.* 539 (5) (85 S. E. 688); *McArthur* v. *State,* 19 *Ga. App.* 747 (2) (92 S. E. 234); *Cauthen* v. *State,* 24 *Ga. App.* 140 (2) (100 S. E. 39); *Scarboro* v. *State,* 24 *Ga. App.* 27 (8), 30 (99 S. E. 637). However, counsel for the plaintiff in error contend that the facts of the instant case required, even in the absence of a timely written request, a charge upon the law of confessions; and in support of this contention they cite and rely mainly upon the cases of *Rucker* v. *State,* 2 *Ga. App.* 140 (2) (58 S. E. 295), and *Lucas* v. *State,* 110 *Ga.* 758 (36 S. E. 87). This contention is without substantial merit. These cases are easily distinguishable from the instant one. In the *Rucker* case the confession was uncorroborated, even by proof of the corpus delicti, and the defendant's conviction depended solely upon the confession, and the court held that it was therefore reversible error, even in the absence of a timely written request, for the judge to fail to charge on the subject of confessions. In the *Lucas* case it was held: " The failure in the present case to instruct the jury that ' a confession alone, uncorroborated by other evidence, will not justify a conviction,' is cause for a new trial." There the charge on the subject of confessions, the court said, was full and accurate save only that there was an entire failure to inform the jury that an uncorroborated confession was not of itself sufficient in law to warrant a conviction. It was further said in that case, that, as the court undertook to instruct the jury on the law relating to confessions, the failure to mention the rule as to the necessity that they be corroborated probably impressed them with the idea that they could convict on the confessions alone. Furthermore, the court said in that case, " The case at best is close and doubtful, and it is by no means clear that the evidence warranted the verdict."

In the present case it cannot be said that the State relied entirely and solely upon the confession, for the corpus delicti was clearly established and there was ample evidence to corroborate the confession. Nor can it be said that in the case now under consideration the judge, having undertaken to charge upon the subject of confessions, should have charged that an uncorroborated confession was not of itself sufficient in law to warrant a conviction. These are the salient facts which obviously distinguish the present case from the *Rucker* and *Lucas* cases.

Moreover, an inspection of the record in the *Pierce* case, supra, shows that there the evidence aliunde the confession was insufficient to authorize a conviction, but the court nevertheless held that, " even if the evidence authorized a charge on the law of confessions, the failure to instruct the jury on that subject, in the absence of an appropriate written request so to do, was not cause for a new trial." See also, in this connection, *Lindsay* v. *State*, 138 *Ga.* 818 (6) (76 S. E. 369), where it was said that " The failure of the court to instruct the jury as to the weight of confessions as evidence is not error, in the absence of a timely written request that such charge be given. Particularly is this true when the evidence other than that as to the confession is sufficient to warrant a conviction."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*