31774. REMBERT *v.* THE STATE.

DECIDED DECEMBER 5, 1947.

*Jesse G. Bowles,* for plaintiff in error.

*R. A. Patterson, Solicitor-General, Miller & Head,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Relating to the assignment of error in ground 1 of the amended motion for new trial, the judge in his general charge fully covered the law on mutual combat and voluntary manslaughter. On this subject he charged as followed: "I charge you further that if you believe that at or about the time of the alleged homicide that a mutual altercation existed between the defendant and the deceased, and that such altercation engendered in the defendant's mind that sudden, violent impulse of passion supposed to be irresistible, and the defendant acted thereunder in good faith and cut and slew the deceased, he would not be guilty of murder, but would be guilty of voluntary manslaughter. That is for you to say. I charge you further that, if you believe that at or about the time of the alleged homicide, a mutual combat, mutual fight was taking place, pending between the defendant and the deceased, and the defendant slew the deceased in mutual combat, he would not be guilty of murder but would be guilty of voluntary manslaughter." See, in this connection, *Lawrence v. State,* 143 *Ga.* 264 (84 S. E. 582).

Relating to the assignment of error contained in special ground 2, the judge in his general charge fully covered the law of justifiable homicide and self-defense. On this subject he charged as follows: "Justifiable homicide is the killing of a human being by commandment of the law, in the execution of public justice by permission of the law in the advance of public justice, in self defense, or in defense of habitation, property or person against one who manifestly intends or endeavors by violence or surprise, to commit a felony, or either, or against any persons who manifestly intend and endeavor in a riotous or tumultuous manner to enter the habitation of another for the purpose of assaulting or offending personal violence to any person dwelling or being therein. That is the definition of justifiable homicide. But so far as the issues in this case are involved, the definition is simply this; it means killing a human being in self-defense or to prevent the party killed from committing a felony or perpetrating some serious personal violent injury on the person of the killer. . . The bare fear of any of these offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man that his life was in danger or some serious personal violent injury inflicted upon him, and acting in good faith he slew the deceased. Killing in a spirit of anger or revenge would amount to murder. . . The defendant contends that on or about the time of the alleged homicide, that the decedent was the aggressor, that he made an unprovoked assault on him with a deadly weapon, that after having made the same, he struck him therewith over the head, and that he, the defendant acted under the fears of a reasonable man that his life was in danger, or a felony was about to be perpetrated upon him or some serious personal violence inflicted on him, and that he drew a knife and stabbed the decedent and killed him; says he did it in self-defense, to save his own life. If you believe that or have a reasonable doubt about it, this would amount to justification and it would be your duty to acquit the defendant."

It is not error to refuse a special written request to charge when the matter referred to therein is sufficiently covered in the general charge. See *Burkhalter* v. *Roach*, 150 *Ga.* 98 (102 S. E. 832) ; *Chapman* v. *State*, 28 *Ga. App.* 107 (1) (110 S. E. 332).

The jury being the sole judges of the evidence and the law as charged them by the court, and there being evidence to sustain the verdict of the jury, and the trial judge having overruled the defendant's motion for new trial, the general grounds are without merit, and this court will not interfere with the judgment of the trial court overruling the motion for new trial on the general grounds. See, in this connection, *Rawls* v. *State,* 116 *Ga.* 617 (42 S. E. 1008).

*Judgment affirmed.   MacIntyre, P. J., and Gardner, J., concur.*