## Rooks *v.* Tindall *et al.*

Atkinson, J. 1. Section 891 of the Penal Code, which merely defines the terms "delinquent child" and "wayward child," as employed in the act approved September 4th, 1908 (Acts 1908, p. 1107), is not violative of art. 1, sec. 1, par. 3, of the constitution of this State, relative to due process of law, "in that it seeks to prohibit social intercourse of all persons in this State with other persons of vicious or immoral character."

2. A criticism that "sections 885 to 900 inclusive of the Criminal Code" of this State are violative of art. 6, sec. 4, par. 7, of the constitution of Georgia, "in that it confers upon the superior court the right to render judgment in cases" thereunder "without the intervention of a jury," is too general to raise a question as to the constitutionality of any particular section of the code, it appearing that many of the various sections included in the criticism have no reference to the subject of trial without a jury.

3. On a trial for the commitment of a child as a "delinquent child" or "wayward child" in the "children's court," as created in article eleven of the Penal Code of Georgia, the judge, in the absence of a demand for a jury trial, may proceed without the intervention of a jury (Penal Code, § 890); and he may appoint an attorney to represent the child, but he is not obliged to do so. Penal Code, § 894.

4. On the trial of a habeas-corpus proceeding for the custody of a child, where it appeared that the child was held under a commitment by the judgment of the "children's court," in accordance with the provisions of sections 892 to 895, inclusive, of the Penal Code, it was not error to remand the custody of the child to the keeping of the probation officer of the court.           *Judgment affirmed. All the Justices concur.*
November 18, 1912.

Habeas corpus. Before Judge Bell. Fulton superior court. February 21, 1912.

*Maddox & Sims,* for plaintiff. *W. W. Tindall,* for defendants.