COMMERCIAL BANK OF ATHENS *v.* BLASSINGAME, guardian.

BECK, P. J. The affairs of the Commercial Bank of Athens, the plaintiff in the case, were placed in the hands of the State bank examiner, in compliance with the provisions of the Civil Code, § 2290, which deals with the effect of the possession of a bank's affairs and assets by the State bank examiner. After an audit of the assets of the bank it was discovered that its capital stock was impaired to the extent of about 95 per cent. within a stated time. The directors were notified; and at a stockholders' meeting, of which all the stockholders were given notice, a resolution was passed assessing each share of the capital stock 95 per cent. The defendant, who was the holder of five shares, as guardian of a named ward, refused to pay the assessment, and the bank brought suit to recover that amount.

1. The petition was demurred to upon the ground, among others, that "the Acts of 1907, p. 85, as codified in Code sections 2279-2312, including section 2291, so far as they may be held and construed to be of force as against plaintiff banking corporation, are illegal and void, and violative" of certain specified sections and provisions of the constitution of the State of Georgia and of the United States. In that part of the Civil Code embraced in §§ 2279-2312 are numerous sections of entirely different character, many of which have no relation whatever to the provisions of the constitutions of the State of Georgia and of the United States, alleged to be offended; and consequently the

criticism of that part of the code "is too general to raise the question as to the constitutionality of any particular section of the code." Such, in substance, is the ruling in the case of *Rooks* v. *Tindall*, 138 *Ga.* 863 (76 S. E. 378).

2. The ground of demurrer raising the point in regard to the notice sent out to stockholders for a meeting to be held,, that an assessment could only be levied where the notice. is sent ·out by the State bank examiner, and that notice sent by an assistant bank examiner would not be in compliance with the law and would be ineffective as legal notice under the statute, was without merit. See Civil Code, §§ 2282, 2283, relating to the appointment, powers, and duties of the assistant bank examiner.

3. The ground of the demurrer based upon the contention that the defendant holds the stock in a representative capacity for her ward and no assesment could be made against her in such capacity, nor could her ward be .assessed without leave of the court of ordinary duly had and obtained, should have been overruled. The shares of stock were assessable without first obtaining leave of the court of ordinary; and this proceeding to compel the payment of the assessment was in no way analogous to an investment of the estate of the ward.

4. The petition set forth a cause of action; and the other grounds of demurrer not specially noticed above are without merit.

*Judgment reversed. All the Justices concur.*

No. 198. FEBRUARY 15, 1918.

Complaint.. Before Judge West. City court of Athens. November 19, 1915.

*Blanton Fortson,* for plaintiff.

*Walter G. Cornett* and *Stephen C. Upson,* for defendant.