GUNN, solicitor, *et al. v.* ATWELL.

GILBERT, J.  The petition of Atwell alleged that certain police officers had seized an automobile in the possession of one Jenkins, in which had been found intoxicating liquors; that Atwell was the owner; that Jenkins was neither the owner nor lessee; that Atwell had no knowledge that Jenkins had used the automobile for the purpose of transporting such liquors; and that the act of the legislature under which the officers claim the right to deprive petitioner of his said property is violative of designated portions of the State and Federal constitutions. He prayed that said officers be required to surrender the automobile, for rent for the automobile while held by the officers, for an injunction, and for general relief.  To the petition demurrers, general and special, were interposed, and evidence was heard at chambers.  The court granted a temporary injunction, and the defendants excepted.  *Held:*

1. The allegations of the petition based on the contention that "the said act of the legislature" is unconstitutional fail to specify the law which defendant in error contends is unconstitutional, and are therefore insufficient to present any question for decision.  *Harris* v. *State,* 147 *Ga.* 489 (94 S. E. 572).

2. Section 20 of the act of the General Assembly of the extraordinary session of 1917, provides an adequate remedy at law for an adjudication of all the rights of defendant in error; and therefore there was no ground for equitable jurisdiction.  *Bernstein* v. *Higginbotham, ante,* 110 (96 S. E. 1).

*Judgment reversed.  All the Justices concur, except Fish, C. J., absent.*

No. 733.  MAY 16, 1918.

Injunction.  Before Judge Mathews.  Bibb superior court.  November 26, 1917.

*Will Gunn,* for plaintiffs in error.

*Walter DeFore* and *James C. Estes,* contra.