### 11311.   HARRISON *et al. v.* DOUGLAS.

SMITH, J.   1. This case having been transferred to the Supreme Court for decision as to the sufficiency of ground 2 of the amendment to the motion for a new trial, attacking the constitutionality of sections 5905 to 5909, of the Civil Code of 1910, and that court having transferred the case back to this court with a ruling that the assignment of eror is too general and indefinite to raise a constitutional question, this court will not consider that ground.

2. Under the rulings of this court in this case (16 *Ga. App.* 693, 696, 85 S. E. 970), the only defenses open to the defendant were:   (1) that he never received the claims alleged to have been sent to him for collection; (2) that he had never collected them, or any of them; and (3) that he had remitted to the proper parties all money collected on the claims that were sent to him for collection.   On the subsequent trial the defendant admitted that he had received the claims and that he had collected the amounts due on them to the extent of the verdict rendered against him.   When he admitted that he had received the claims for collection and admitted that he had collected the amount for which the verdict was rendered, the burden of proof was upon him to show that he had remitted to the proper parties the money so collected.   He successfully carried this burden, his evidence was not rebutted, and therefore the trial judge erred in refusing a new trial on the general grounds.

3. Under the foregoing rulings it is unnecessary to pass upon the other grounds of the motion for a new trial, as they are all dependent upon these rulings.

*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 10, 1920.

Action on bond; from city court of Nashville — Judge Smith. December 19, 1919.

As to the unconstitutionality of the code sections referred to in paragraph 1 of the decision, which relate to the taking of depositions without commission, ground 2 of the amendment to the motion for a new trial states, among other objections presented in writing as to three sets of depositions introduced in evidence, that the defendant objected to their introduction because:   "1st.   The law allowing the taking of depositions in the State of Georgia, under Code of 1910, sections 5905 to 5909 inclusive, is unconstitutional both as to the constitution of the State of Georgia and of the United States.   2d.   The said law is unreasonable and unjust and is against the law and the constitution of Georgia as contained in the bill of rights, article 1 of the constitution of Georgia, section of the Code of 1910, 6381, as it

deprives him of his right, by due process of law, to cross-examine the witnesses sworn against him. 3d. This law for the taking of depositions (especially in this case) is in violation of the constitution of the United States of America, as it is a law in derogation of the rights of a citizen of Georgia to be heard in his defense by due process of law, in regard to his property, as the notice served upon him for the taking of the depositions deprives him of his right of cross-examination of witnesses called against him, by requiring of him an impossibility, which is unreasonable and unjust and in derogation of article 8, section 6700, of the constitution of the United States, as contained in the Code of Georgia of 1910, section 6700; therefore unconstitutional and unlawful; and the said deposition should be excluded from evidence."

In a preceding part of this ground of the motion for a new trial other objections to the introduction of the depositions are stated as follows: "The said depositions should not be allowed in evidence against the defendants, for the reasons that there were three notices for the taking of the said depositions, signed by the same counsel and bearing the same date, served upon him and his sole counsel, J. W. Powell, calling upon him and his said attorney to be present on the 6th day of May, 1916, simultaneously before three different officers, and at Atlanta, Ga., Knoxville, Tenn., and Wheeling, W. Va., which was and is an impossibility and beyond human capacity, thereby excluding defendants from their right to cross-examine the witnesses, as they are entitled to do under the law, and prevented them from exercising their right to cross-examine said witnesses as to the source of their testimony, whether or not their evidence was hearsay or from their own knowledge, their means and opportunity for knowing the facts to which they testified, and in fact excluding the defendants from their right under the law to cross-examination of all witnesses for the plaintiff, which is specially provided by law; defendants having only one attorney to represent them, these witnesses residing miles apart and in different States and cities."

See 147 *Ga.* 636 (1).

*J. W. Powell, W. G. Harrison,* for plaintiffs in error.

*W. D. Buie,* contra.