## 14303. UNDERWOOD *v.* THE STATE.

1. An affidavit signed by the prosecutor is not a condition precedent to an accusation in the city court of Miller county; the act creating that court having been so amended that defendants in criminal cases therein "may be tried on written accusations framed and signed by the solici-. tor of said court."

2. The grounds of the demurrer which attack the law on whicn the accusation was based were properly overruled, because:

(a) A demurrer which attacks a law as unconstitutional must clearly, definitely, and distinctly point out and name the section of the code or the part thereof, or the part of the act of the legislature, alleged to be unconstitutional.

(b) Where it is alleged in a demurrer that a law is unconstitutional because it is repugnant to, contrary to, in conflict with, and in derogation of certain paragraphs of the constitution, the demurrer must point out wherein or in what particular the law is repugnant to, contrary to, in conflict with, and in derogation of those paragraphs of the constitution.

3. The 6th special ground of the motion for a new trial complains of certain remarks made by the judge " during the progress of the trial and in the presence of the jury," which are alleged to have been prejudicial to the cause of plaintiff in error. In *Harrison* v. *State,* 20 *Ga. App.* 157 (6) (92 S. E. 970), this court held: "Prejudicial remarks of the court in the presence and hearing of the jury are not ground for a new trial, unless a motion to declare a mistrial on that ground has been made and refused." See also page 160 (6); and see *Gilbert* v. *State,* 27 *Ga. App.* 604 (4), 605 (4) (109 S. E. 697); *Perdue* v. *State,* 135 *Ga.* 277 (1) (69 S. E. 184). There was no motion to declare a mistrial, and, the case having proceeded without objection to the remarks of the judge, no question as to the prejudicial nature of the remarks can be raised in the motion for a new trial.

4. None of the other special grounds of the motion for a new trial show any reason why a new trial should be granted, and there is evidence to support the verdict.

DECIDED MAY 15, 1923.

Accusation of firing woods; from city court of Miller county — Judge Geer. January 17, 1923.

*Hartsfield & Conger,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.

BLOODWORTH, J. The accusation in this case charged the plaintiff in error with a violation of section 748 of the Penal Code of 1910. The accusation was demurred to, and after it was amended the demurrer was overruled, and exceptions pendente lite were filed. When the case was tried a verdict of guilty was rendered, a motion for a new trial was made and overruled, and the accused excepted.

17

The demurrer contained several grounds. One of these alleges that " the affidavit attached to the accusation does not charge any offense or crime under the laws of this State;" another that " said accusation is not founded upon or based upon a warrant, nor is any warrant referred to or mentioned in said accusation;" another that " said accusation is not signed by the prosecutor as provided by the act of the legislature establishing the court of Miller county," and three others seek to raise the question of the constitutionality of the section of the Penal Code under which the accusation was drawn.

1. We will discuss first those grounds which relate to the affidavit and the warrant. It is true that no " affidavit is attached to the accusation," no warrant is referred to therein, and the accusation is not signed by the prosecutor. None of these things are required by the act creating the city court of Miller county as amended by the legislature in 1909. See Ga. L. 1909, p. 276. Section 3 of the amending act struck from the original act (Ga. L. 1908, p. 179) the provisions which required that an affidavit be made as the basis of the accusation, and that the accusation be signed by the prosecutor, and in lieu thereof provided that " defendants in criminal cases in said city court of Miller county may be tried on written accusations framed and signed by the solicitor of said court." From the above it will appear that these grounds of the demurrer are without merit.

2. This court has several times said that " a demurrer, being a critic, must itself be free from imperfection." The grounds of the demurrer which seek to raise the question of the constitutionality of the section of the Penal Code under which the accusation against plaintiff in error was drawn are not " free from imperfection:" first, because the demurrer, in three separate grounds, alleges that " the law, statute, and section of the code " is unconstitutional because it is " repugnant to, in conflict with, and in derogation of " each of three certain paragraphs of the constitution; and then fails to designate the particular section of the law which it is alleged is in conflict with these paragraphs of the constitution; the only reference in the demurrer being to the law, statute, and section of the code, without specifically naming the section or law. In *Harris* v. *State,* 147 *Ga.* 489 (94 S. E. 572), the demurrer alleged that " the *statute or act* upon which it is based

is unconstitutional and void; for that it is repugnant to specified provisions of the State and Federal constitutions." (Italics ours.) The Supreme Court held, " that the several grounds of demurrer based on alleged unconstitutionality of the ' act or statute' on which the indictment was founded failed to *specify the law* [italics ours] which the defendant contended was unconstitutional, and that the assignment of error based on the judgment overruling such ground of demurrer is insufficient to present any question for decision. *Rooks* v. *Tindall,* 138 *Ga.* 863 (2) (76 S. E. 378) ; *Carswell* v. *Wright,* 133 *Ga.* 714 (66 S. E. 905)." Under this ruling the demurrer to an accusation or indictment, where the constitutionality of the act upon which either is based is questioned, is not sufficiently specific when it refers to the law alleged to be unconstitutional simply as the " law, statute, and section of the code under which defendant stands accused," but the demurrer must be more definite, and must clearly and distinctly point out and name the section of the code or the part thereof, or the part of the act of the legislature, alleged to be unconstitutional. It is sometimes difficult to determine under what " law, statute, or section of the code " a defendant is accused or indicted; hence the necessity for the demurrer to be specific and definite.

Secondly, these grounds of the motion for a new trial allege that the " law, statute, and section " of the code " under which defendant stands accused " is " repugnant to," " contrary to," " in conflict with," and " in derogation of," specified paragraphs of the constitution, but fail to point out wherein or in what particular the law is repugnant to, contrary to, in conflict with, or in derogation of the constitution, and for this reason also are not specific enough to be considered by this court. *Tooke* v. *State,* 4 *Ga. App.* 495 (1 *a*) (61 S. E. 917) ; *Davis* v. *City of Waycross,* 10 *Ga. App.* 384 (73 S. E. 556) ; *Edwards* v. *State,* 25 *Ga. App.* 179 (1 *a*), 180 (1 *a*) (102 S. E. 847) ; *Lee* v. *Central of Ga. Ry. Co.,* 147 *Ga.* 429 (1) (94 S. E. 558, 13 A. L. R. 156) ; *Commercial Bank of Athens* v. *Blassingame,* 147 *Ga.* 636 (1) (95 S. E. 222).

Under the foregoing rulings the court did not err in overruling the demurrer.

3. Headnotes 3 and 4 need no elaboration.

*Judgment affirmed.* *Broyles, C. J., concurs. Luke, J., dissents.*