## SPIELBERGER *v.* HALL & COMPANY.

1. "An allegation that a given statute is unconstitutional, in that it violates the constitutional provision which prohibits the passage of a special law in any case for which provision has been made by an existing general law, which fails to point out the general law which is claimed to cover the same subject as such statute, presents no question for decision by a court."
2. "As no constitutional question was made, and the only other assignments of error relate to questions reviewable only in the Court of Appeals, the case will be transferred to that court."

No. 4342. JANUARY 14, 1925.

Certiorari.   Before Judge Humphries.   Fulton superior court.
November 12, 1923.

*Maddox & Maddox*, for plaintiff in error.

*Virlyn B. Moore*, contra.

RUSSELL, C. J.   1.   This writ of error presents for review a judgment of the superior court of Fulton county, overruling a certiorari from the municipal court of Atlanta.   It must be transferred to the Court of Appeals, since that court alone has jurisdiction thereof and this court has no jurisdiction under the circumstances.   It is true that this court has exclusive jurisdiction of all questions touching the constitutionality of all acts of the General Assembly, and it is true that among the assignments of error in the petition for certiorari the constitutionality of a portion of the act creating the municipal court of Atlanta (Acts 1913, p. 145), as is hereinafter stated, is sought to be called in question.   However, since under an unbroken line of previous decisions of this court the attack upon the constitutionality of that portion of the act hereinafter stated is insufficient to present anything for decision, the bill of exceptions must be transferred to the Court of Appeals, which alone has jurisdiction to determine the other questions presented by the writ of error.

Hall and Company sued Spielberger for $437.50, alleged to be the value of their services and as commissions for the sale of certain property.   At the trial the plaintiff offered to amend by changing the cause of action into a suit for $375, dependent upon an express contract wherein $375 was agreed upon as compensation in the event a sale of the property was effected.   The defendant objected to the amendment, for the reason, among other grounds, "That so much of the act establishing the said municipal court of Atlanta, to wit, 'Amendments changing the cause of action, or presenting a new cause of action, arising out of the same transaction or subject-matter, shall be allowed, providing however for time to the opposite party, where in the discretion of the court it is deemed necessary to meet the new matter claimed by amendment,' was and is null and void, and unconstitutional and violative of section 5732 of the Code of 1895, and being paragraph 1 of section 4 of article 1 of the constitution of the State of Georgia, to wit, 'Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which

provision has been made by an existing general law. No general law affecting private rights shall be varied in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby, and no person under legal disability to contract is capable of such consent.' And defendant ·insisted and objected to said amendment, then and there contending that the court ought not to allow the amendment, because the general law provided that no new cause of action could be allowed, and that said amendment offered a new and distinct cause of action." The court allowed the amendment over objection. By exceptions pendente lite filed in the municipal court the point was sought to be preserved, and is now presented to this court as one of the grounds in the petition for certiorari, which was overruled by the judge of the superior court. In the opinion of this court the language employed in the objection, and quoted above, is insufficient to present any question for decision by the court upon any constitutional question, for the reason that the general law to which reference is made is not specifically pointed out. The writer confesses that but for numerous prior adjudications by this court he would have considered it to be perfectly plain that the words "the general law" which is said to provide "that no new cause of action could be allowed" had reference to section 5683 of the Code (1910), which declares that "No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed unless expressly provided for by law." However, in *Edalgo* v. *Southern Ry. Co.*, 129 *Ga.* 258 (58 S. E. 846), in which it was held that no constitutional point was presented for decision, precisely the same question now before us was presented. A local act was attacked as being unconstitutional in that it was a special law in a case for which provision had been made by an existing general law. It appears that the court for itself knew precisely what general law was referred to, and yet it held that the point was not made sufficiently certain, and that this absolute certainty as to the general law referred to by the party seeking to raise the question is indispensable to the presentation of a constitutional question. In rendering the opinion, Mr. Presiding Justice Cobb said: "There was, on August 22, 1905, a general law which made provision for the subject-matter dealt with by the Jenkinsburg act. That general law is contained in the Political Code, §§ 1335 et seq. It is there

33

declared that each and every county shall compose one school district. The case, on its face, is therefore squarely within the ruling in *Sellers* v. *Cox*, 127 *Ga.* 246 [56 S. E. 284]. But this point is not made with sufficient certainty in the petition for us to rest the case on that ruling. The petition avers that the local school act is a special law in a case where provision has been made by an existing general law, but it does not specify the general school law in the code as that law. This was indispensable to raise the constitutional question. *Sayer* v. *Brown*, 119 *Ga.* 539 (5) (46 S. E. 649)." To show that this rule is inflexible, this court has ruled to the same effect in *Carswell* v. *Wright*, 133 *Ga.* 714 (66 S. E. 905) ; *Hudson* v. *Jennings*, 134 *Ga.* 373 (67 S. E. 1037) ; *Rooks* v. *Tindall*, 138 *Ga.* 863 (2) (76 S. E. 378) ; *Georgia Ry. & El. Co.* v. *Atlanta*, 144 *Ga.* 722 (6) (87 S. E. 1058) ; *Harris* v. *State*, 147 *Ga.* 489 (94 S. E. 572) ; *Gunn* v. *Atwell*, 148 *Ga.* 137 (96 S. E. 2) ; *Crapp* v. *State*, 148 *Ga.* 150 (95 S. E. 993).

2. Under the ruling in *Harris* v. *State*, supra, the second headnote requires no elaboration.

In view of what has already been said, and by virtue of that ruling, it is ordered that the case be transferred to the Court of Appeals. *All the Justices concur.*