### 19776. CLOWERS *v.* THE STATE.

DECIDED JULY 9, 1929.

*W. A. McClellan, Thomas A. Jacobs Jr.,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

LUKE, J. The bill of exceptions in this case assigns error upon the overruling of a demurrer to an accusation. The accusation charges that the defendant, "being engaged in the business of selling at retail cigars, cigarettes, manufactured tobacco, and other manufactured products, did unlawfully sell, offer for sale, and exhibit package and packages of cigarettes, and have in his possession box, package, and containers of cigars, without first affixing the stamps required to be affixed thereto as provided by law." The substance of the demurrer is that so much of "said act" (the act is not otherwise described or designated) as provides that possession, exhibition, and showing of cigars or cigarettes that have not the stamps affixed is prima facie evidence of guilt is unconstitutional, null, and void; and that "so much of the act as provides that the possession of unstamped cigarettes is penal is unreasonable, arbitrary, and in conflict with the other provisions of the act; and said act is therefore so inconsistent, unreasonable, and arbitrary as to be null and void;" and that "said accusation drawn under said act is unconstitutional, null, and void." The demurrer does not attack

the accusation, but attacks the act under which it is drawn. The demurrer does not quote the alleged objectionable part of the act, nor refer to it by book or page; nor does it set out or specify "the other provisions of the act" with which the "inconsistent" part is alleged to be in conflict.

Since the alleged unconstitutional part of the act and the part alleged to be inconsistent, and the part with which the "inconsistent" part conflicts, are not properly specified in the demurrer or in the record before us, the questions pertaining to the act are not properly presented for consideration; and since the objection to the accusation is based solely upon the alleged unconstitutionality and invalidity of certain portions of the act, we can not say that the trial judge erred in overruling the demurrer. See *Underwood* v. *State,* 30 *Ga. App.* 257 (2) (117 S. E. 668) ; *Harris* v. *State,* 147 *Ga.* 489 (94 S. E. 572) ; *Gunn* v. *Atwell,* 148 *Ga.* 137 (96 S. E. 2) ; *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993) ; *Rooks* v. *Tindall,* 138 *Ga.* 863 (2) (76 S. E. 378).

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*