15299

BENJAMIN v. HOUSING AUTHORITY OF DARLINGTON
COUNTY *ET AL.*

(15 S. E. (2d), 737)

*Messrs. Robinson & Robinson,* of Columbia, for plaintiff,

*Mr. J. P. Mozingo III,* of Darlington, and *Mr. J. Bratton Davis,* of Columbia, for defendants,

July 18, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This action, brought in the original jurisdiction of this Court by a taxpayer and property owner of Darlington County against the Housing Authority of that County and the County itself, seeks to restrain the proposed action of the defendants in erecting in Darlington County rural homes for families of low income upon the ground that the proposed plan is without statutory authority and violates provisions of the State Constitution.

The answer raises no issue of fact, but the defendants deny the legal conclusions of the complaint.

This Court, in line with the decisions of the Courts of last resort in most of the States, held in *McNulty v. Owens,* 188 S. C., 377, 199 S. E., 425, that the construction of dwellings by a public body for the purpose of eliminating slums and

providing homes for families of low income in urban areas was a proper public purpose exempt from taxation under the provisions of Sections 1 and 4 of Article X of the State Constitution, and that the bonds issued by the Housing Authority did not constitute indebtedness within the meaning of Art. VIII, Section 7, or Art. X, Section 5 of the State Constitution.

Under a series of agreements which the Housing Authority of Darlington County has made with the United States Housing Authority, with Darlington County and with certain farm owners, it proposes to erect within the county not more than two hundred rural dwelling units at an average unit cost of $1,650.00. This construction is to be financed by the sale of bonds, ninety per cent. of which are to be purchased by the United States Housing Authority and ten per cent. by the public.

Each dwelling is being erected on a one-acre plot of land conveyed at a nominal consideration to the county Authority by a farm owner who retains an option to repurchase the acre and the house at a "fair value." So long as this dwelling is owned by the Authority it is to be occupied by a tenant, sharecropper or farm wage hand (and in rare instances by the farm owner) selected by the adjacent farm owner who agrees to lease to the occupant sufficient adjacent land to permit the operation of a farm. The occupant must be the head of the family in the low income group. The farm owner agrees to pay to the Authority a small rental (estimated to average $70.00 a year) for the dwelling house and acre of land occupied by the farm owner's selectee.

The farm owner who sells to the Authority and who rents his adjacent property to the occupant of the Authority's house agrees to destroy one unsanitary dwelling unit on his farm or to use that unit for non-dwelling purposes. So long as the Authority owns this house and acre of land the farm owner agrees to use his adjacent property for farm purposes only and not to erect any dwelling unit thereon without the consent of the County Authority.

So long as this acre and dwelling unit are owned by the Authority, they are tax exempt.

The first question presented is whether this scheme of building houses in rural communities for the purpose of renting them to certain landowners, tenants, sharecroppers and wage hands in the low income brackets constitutes a public purpose.

As we held in *McNulty v. Owens, supra,* 188 S. C., 377, 383, 199 S. E., 425, the question of whether an Act is for a public purpose is primarily one for the Legislature. As pointed out in that decision, the General Assembly by passing the Limited Dividend Housing Act of 1933 (XXXVIII St. at Large, p. 176), and the Housing Authorities Act of 1935 (XXXIX St. at Large, p. 424), and by frequently amending the latter, has placed its stamp of approval upon public housing programs in this State.

Twice (Act No. 345 of 1935, 39 St. at Large, p. 500; Act No. 183 of 1937, 40 St. at Large, p. 267) the General Assembly has stated that the rural housing program as represented by Section 19 of the present statute is for a public purpose. The Congress of the United States by providing funds to purchase bonds of Rural Housing Authorities and to make annual contributions to them has indicated its view that rural housing is for a public purpose. The Legislative Delegation of Darlington County in adopting a resolution pursuant to Section 19 of the Housing Authorities Act has found that there is a need for an active rural Authority in Darlington County.

These legislative findings to which we accord great weight because of the high regard we hold for a coordinate branch of the government are confirmed by surveys and public documents, of which this Court takes cognizance by agreement and consent of counsel.

The Congress, by enacting the Agricultural Adjustment Act of 1938, LII Stat., 31, 7 U. S. C. A., § 1281, *et seq.,* the Bankhead-Jones Farm Tenant Act, L Stat., 522, 7 U. S. C. A., §§ 1000-1029, the Rural Electrification Act of

1936, XLIX Stat., 1363, 7 U. S. C. A., §§ 901-914, and other legislation whose purpose and effect is to provide special benefits for farm families, has recognized the necessity for improving living conditions and income in rural areas.

■ In the light of these facts we conclude that the program of the Housing Authority of Darlington County as outlined herein is for a public purpose, both because it will eliminate unsanitary dwelling units and because it will provide sanitary homes and living conditions for farm families of low income. While necessarily the program differs in detail from that of an urban housing development, we find nothing which would justify a decision differing from that of this Court in *McNulty v. Owens, supra*.

Since the property of the Darlington County Authority is public property and since the Authority is an instrumentality of Darlington County operated exclusively for the benefit of the public and not for revenue, the property is exempt from taxation under the provisions of Art. X, Section 4 of the Constitution of 1895. *State v. City of Columbia*, 115 S. C., 108, 104 S. E., 337; *McNulty v. Owens, supra*.

It is also exempt under the provisions of Art. X, Section 1, which authorizes the General Assembly to exempt property used "for municipal, educational, literary, scientific, religious or charitable purposes." The Legislature has, in the Housing Authorities Act, XL St. at Large, p. 440, exempted this property from taxation. The statute therefore makes operative the provisions of Section 1 of Art. X and confirms the exemption contained in Section 4 of Art. X.

■ The taxpayer's third point is that this plan unlawfully discriminates in favor of farm families of low income against other families of low income. Necessarily, a rural housing program cannot provide for urban families just as the low income housing approved in *McNulty v. Owens, supra*, did not provide for farm families.

The law does not require that every public appropriation apply to all citizens alike. The Darlington project is open to all farm families in the county who come within the low income group.

The Courts have frequently approved a classification of those engaged in agricultural pursuits for one reason or another. *Tigner v. Texas,* 310 U. S., 141, 60 S. Ct., 879, 84 L. Ed., 1124, 130 A. L. R., 1321. A Legislature has authority to make a reasonable classification and we see nothing here which indicates that the classification by the Legislature as made in this respect is arbitrary or unreasonable.

The final attack upon the program is based upon the contention that Section 19 of the Housing Authorities Act violates the Separation of Powers Provision of the Constitution (Art. III, Sec. 1), and unlawfully attempts to delegate legislative powers to the legislative delegation in violation of Section 14 of Article I. These contentions are based upon the argument that Section 19 provides that the Housing Authority in any county shall not become active until there is a resolution of the legislative delegation from that county establishing a need for such an Authority. It is not inappropriate for members of the legislative delegation to make an investigation and finding of this character. *State v. Lewis,* 181 S. C., 10, 30, 186 S. E., 625, 634, and cases cited therein.

A further attack is made under this constitutional provision because Section 19 provides that the State Senator from Darlington County shall appoint the members of the Housing Authority. The charge is made that this is in violation of the principles announced in *Bramlette v. Stringer,* 186 S. C., 134, 195 S. E., 257. The facts in that case were entirely different from those here. There the Greenville legislative delegation passed a statute providing for a road-building program which would allow the members of the delegation to select the roads to be paved, to determine how many and when bonds would be issued and

generally direct the entire road-building program. The Court properly struck down that legislation. Here the legislative delegation and the State Senator do not attempt to operate the Darlington Housing Authority. The legislative delegation merely investigated to determine the need of an Authority in the county and passed a resolution to that effect. The Senator appoints the members of the Authority. All functions of the Darlington County Authority are thereafter handled by the members of the Authority and not by the legislative delegation or the State Senator. The situation here is not unlike that in *State v. Lewis, supra,* where this Court sustained the election of highway commissioners by members of the legislative delegation from the respective Judicial Circuits.

Of course, if the County of Darlington were responsible for the payment of any portion of the contemplated bond issue, or if it were in contemplation that a tax be levied on property in said county to pay any portion of the cost or maintenance of this project, it would be in violation of Article X, Section 6 of the Constitution. See *Gentry v. Taylor et al.,* 192 S. C., 145, 5 S. E. (2d), 857.

For these reasons the injunction is denied.

Messrs. Associate Justices Baker, Fishburne and Stukes concur.