**H. CLAUDE GARRETT, a citizen and tax payer of Okaloosa County, Florida, v. NORTHWEST FLORIDA REGIONAL HOUSING AUTHORITY, a body corporate, et al.**

12 So. (2nd) 448                    January Term, 1943
March 19, 1943                              Division A

552

*Phillip D. Beall,* for appellant.
*Lloyd C. Powell,* for appellees.

ADAMS, J.:

A bill was filed by appellant, a tax payer of Okaloosa County, against Northwest Florida Regional Housing Authority, the County Tax Assessor and the Board of County Commissioners. The bill revealed that the defendant Housing Authority was duly formed under the "Housing Authority Laws of Florida," (see Chapter 20220, General Laws, 1941), and sought to function in Okaloosa County by constructing houses in rural areas, same to be exempt from taxation. The bill sought an injunction upon the ground that the exemptions were discriminatory and illegal.

On final hearing on the pleadings the chancellor found:

"(a) That the notice described in paragraph 8, sub-paragraph 6, of the bill of complaint, and proof of which is attached to the bill of complaint, marked 'Exhibit 6,' is in compliance with the law, and sufficient, and a compliance with the Act.

"(b) That the proposed scheme and plan described in the bill of complaint, and assigned in paragraph 8, sub-paragraph 1, of the bill of complaint, is not in violation of the Housing Authorities Act, and is not unconstitutional.

(c) That the properties and obligations of said Authority, described in the bill of complaint, and assigned in paragraph 8, sub-paragraph 2, of the bill of complaint, are exempt and entitled to tax exemption, and the Act authorizing same is constitutional and valid.

"(d) That Chapter 17983, Laws of Florida, 1937 Session, is applicable to properties of Rural Housing Authorities created under Chapter 20220, Laws of Florida 1941.

"(e) That said Chapter 20220, Laws of Florida, 1941, is constitutional and valid."

The bill was dismissed and appellant appealed. Appellant has submitted the following questions with argument:

"Is the real and personal property of the defendant Housing Authority, or its obligations, within the meaning of

Article IX, Section 1, and Article XVI, Section 16, of the State Constitution, and exempt from all State, County and local taxation?"

"Is Chapter 17983, Laws of Florida, Act of 1937, applicable to properties of rural housing authorities, under Chapter 20220, Laws of Florida, 1941?"

"Is the granting of preference in the occupancy of dwellings constructed by the Housing Authority to certain land owners and their selectees, to the exclusion of other low income families similarly situated, an unlawful and unconstitutional discrimination, and is said Chapter 20220, Laws of Florida, 1941, unconstitutional in authorizing same?"

We have given careful and thoughtful consideration to all of these questions as well as to the entire record and fail to find error in the decree appealed from. This conclusion appears in accord with decisions of many of our sister states.

The decree is affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.