## EMERSON *v.* SOUTHWEST GEORGIA REGIONAL HOUSING AUTHORITY.

No. 14658.   OCTOBER 7, 1943.

678

*Wallace E. Harrell,* for plaintiff.

*Frank L. Forester,* for defendant.

GRICE, Justice. ■ The record does not properly present for decision the constitutionality of any of the housing-authority acts referred to in the petition, or the validity of any portion thereof. No specific provision of the constitution is alleged to have been violated, nor is it shown wherein the statute violates any such provision. *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198). Therefore we can not enter upon the inquiry whether the housing-authorities law, in so far as it authorizes rural housing by the Regional Housing Authority, should be declared null and void. The case must be treated as if the several provisions of these acts are valid, including the definition of "slum" as "any area where dwellings predominate which, by reason of dilapidation, overcrowding, faulty arrangement or design, lack of ventilation, light, or sanitary facilities, or any combination of these factors, are detrimental to safety, health, and morals," whether in a city or in a rural area.

■ It is not alleged in the petition that as a matter of fact no slum area exists in the territory of the Regional Authority, or that the activities of the authority complained against do not in fact concern a slum area. In the absence of a valid attack on the constitutionality of the act, the allegation that the proposed scheme of building houses in rural communities is not for a public purpose raises only a question as to the construction of our statute; and for the same reason the further allegation that the same is in reality for the private purpose of certain landowners and tenants, in violation of the law, raises no issue, provided the authority is proceeding to apply the provisions of the law to a situation contemplated by the law; and there is no allegation to the contrary. Likewise the allegation that the property is not exempt from taxes as "public property," or exempt as belonging to "institutions of purely public charity," states a mere conclusion of law, no facts

being alleged to support it. The allegation that certain low-income families are to be given priority in the occupancy of the houses comprising the project, over other low-income families, is not a charge that one or more was arbitrarily to be given preference over another; and for that reason it affords no basis for the contention that it amounts to an unlawful discrimination, even if the plaintiff, in the absence of an allegation that he, although entitled thereto, was denied the right to occupy one of the houses, could be heard on such a complaint. Finally, an analysis of the averment, "That said project does not provide for the clearance of slums, except by the agreement of the farmer, and that he will demolish a substandard house located on his farm, and does not constitute a clearance of slums within the meaning of the housing-authorities law as amended," construed most strongly against the pleader, fails to show that there is here anything to entitle the complainant to any of the relief sought. The allegation that the scheme does not constitute a clearance of slums within the meaning of the law is a mere conclusion with no fact stated on which to rest it, except the clause immediately preceding, that the project contemplates an agreement of the farmer that he will demolish a substandard house. The project might well contemplate just that, and still, if it be in fact a slum clearance project, it would not be invalid because of such an agreement. Here again is the absence of an averment that the project does not operate in a slum area, and that the houses to be demolished are not slums. An averment that a house is substandard does not negative the idea that it is a part of a slum district.

Paragraph 3 of the petition says that the United States Housing Authority has made loans to the county authorities for the purpose of financing ninety per cent. of the cost of construction of houses for farmers of low income; the agreement being that each landowner "shall demolish or eliminate at least one unsafe or insanitary dwelling unit." In paragraph 9 it is said that the Regional Authority "proposes to rent same to farmers or their selectees."

Paragraph 10 contains the statement that "The proposed scheme of building houses in rural communities is not for a public purpose;" and "that said project does not provide for the clearance of slums except by the agreement of the farmer that he will de-

molish a substandard house located on his farm, and does not constitute, a clearance of slums within the meaning of the housing-authorities law, as amended." We find in none of the resolutions adopted by the Authority, and set forth in or attached to the petition, any declared purpose to demolish a house merely because it is substandard, or any agreement with a farmer that he will do so. Whether a house that is merely substandard, and not otherwise objectionable, could in any event be treated as a slum or a slum unit, the petition properly construed does not show that the houses involved in this project were not otherwise or additionally of such character as to be classed as a slum or slum district, in that by reason of "dilapidation, overcrowding, faulty arrangement or design, lack of ventilation, light or sanitary facilities, or any combination of these factors, [they] are detrimental to safety, health, and morals." The most that can be said of the complainant's contention, as found in the allegations of his petition, is that he takes the position that as a matter of law under our statute there can be no such thing as a slum area in a rural community. To this we can not agree. The facts in *Williamson* v. *Housing Authority of Augusta*, 186 *Ga.* 673 (199 S. E. 43), did not call for a ruling on this precise point, but the terms of our statute draw no distinction based on municipal boundaries. A similar question was presented, however, to the courts of South Carolina, Florida, and North Carolina; and it was ruled, in effect, that the elements which constitute slums have no regard for the existence of municipal boundaries, or for the vocation of those who occupy them. Benjamin *v.* Housing Authority of Darlington County, 198 S. C. 79 (15 S. E. 2d, 737); Garrett *v.* Northwest Florida Regional Housing Authority, Fla. (12 So. 2d, 448); Mallard *v.* Eastern Carolina Regional Housing Authority, 221 N. C. 334 (20 S. E. 2d, 281).

Our conclusion is that it is nowhere alleged that defendant is proceeding or about to proceed in any manner other than as it is authorized to do under the terms of the acts hereinbefore referred to; and that the action was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*