Zimmerman, J.,
 

 dissenting. Section 2, Article XII of the Constitution of Ohio provides:
 

 * * general laws may be passed to exempt [from taxation] * * * public property used exclusively for any public purpose * *
 

 
 *34
 
 Section 5351, General Code, reads:
 

 “Real or personal property belonging exclusively to the state or United States, and public property used for a public purpose, shall be exempt from taxation. * * *”
 

 Section 1078-36, General Code, a part of the State Housing Law, declares:
 

 “All property, both real and personal, acquired, owned, leased, rented or operated by the housing authority shall be deemed public property for public use, * *
 

 Section 1078-34, General Code, constitutes a housing authority, created under the housing law, a body corporate and politic, with power to acquire property for housing projects by the exercise of eminent domain.
 

 Section 1078-49a, General Code, recites:
 

 “A housing authority created under this act' shall constitute a political subdivision of the state of Ohio within the meaning of Section 5546-2 of the General .Code.” ... ■ •
 

 From, a perusal of the quoted statutes it would seem apparent that the General Assembly has expressed a clear intent to exempt the property of the appellant from taxation.,-
 

 The principle is well recognized that every reasonable doubt must be indulged in favor of the constitutionality of statutes. So, when the General Assembly declares that a housing authority is a body corporate and politic, with authority to exercise the power of eminent domain and that its property shall be deemed public property for public use and as such exempt from taxation, such declarations must be recognized and . respected unless, it is plain that they, are unalterably opposed, to,-the Constitution.
 
 Laret Investment Co. v. Dickmann, Mayor,
 
 345 Mo., 449, 134 S. W. (2d), 65.
 

 In the dissenting opinion in the case of
 
 Columbus
 
 
 *35
 

 Metropolitan Housing Authority
 
 v.
 
 Thatcher, Aud.,
 
 140 Ohio St., 38, 49, 42 N. E. (2d), 437, 442, it was stated:
 

 ‘ ‘ The slum clearance and low rent housing program is essentially in the public interest, being a cooperative effort on the part of the federal and local authorities to solve a vital social problem. Its underlying objective is to protect and safeguard an entire commum ity by lessening potent causes of disease, immorality and crime.
 

 “The conclusion therefore seems inescapable that the property of the Columbus Metropolitan Housing Authority here involved is ‘public property used exclusively for any public purpose’ within the contemplation of Section 2, Article XII of the Constitution of Ohio, and Section 5351, General Code, that the property is consequently entitled to exemption from taxation on that basis and that the decision of the Board of Tax Appeals in refusing exemption is unreasonable and unlawful and should he reversed. Such action would be in harmony with the decision in the case of
 
 State, ex rel. Ellis, City Solicitor,
 
 v.
 
 Sherrill, City Manager,
 
 136 Ohio St., 328, 25 N. E. (2d), 844.”
 

 In the case of
 
 Hogue
 
 v.
 
 Housing Authority of North Little Rock,
 
 201 Ark., 263, 144 S. W. (2d), 49, the court said:
 

 “We declare broadly and without reservation that the act creates a public agency or authority to perform necessary public purposes and uses. * * *
 

 “The housing authority is a public agency and its property is public property devoted to a charitable use and as such the Legislature under the Constitution may exempt it from taxation at the hands of the state or any public body thereof.”
 

 The overwhelming weight of authority in this country supports the general proposition that the property of a housing authority, like that in the present case,.
 
 *36
 
 is public property used for a public or charitable purpose and may be absolved from liability for taxes. See 133 A. L. R., 365, annotation;
 
 Humphrey
 
 v.
 
 City of Phoenix,
 
 55 Ariz., 374, 102 P. (2d), 82;
 
 Garrett
 
 v.
 
 Northwest Florida Regional Housing Authority,
 
 — Fla., —, 12 So. (2d), 448;
 
 Webster
 
 v.
 
 City of Frankfort Housing Comm.,
 
 293 Ky., 114, 168 S. W. (2d), 344;
 
 Dornan
 
 v.
 
 Philadelphia Housing Authority,
 
 331 Pa., 209, 200 A., 834;
 
 Benjamin
 
 v.
 
 Housing Authority of Darlington County,
 
 198 S. C., 79, 15 S. E. (2d), 737;
 
 Mumpower
 
 v.
 
 Housing Authority of City of Bristol,
 
 176 Va., 426, 11 S. E. (2d), 732. Compare
 
 Pittman, Clerk,
 
 v.
 
 Housing Authority of Baltimore
 
 City, 180 Md., 457, 25 A. (2d), 466.
 

 Furthermore, we are convinced that the majority of the court has given Section 2, Article XII of the Constitution too narrow an interpretation. Several
 
 years
 
 ago the writer of this dissent said, in the case of
 
 State, ex rel. City of Columbus,
 
 v.
 
 Ketterer,
 
 127 Ohio St., 483, 494, 189 N. E., 252, 256:
 

 ‘ ‘
 
 Constitutions are not lifeless or static instruments, whose interpretation is confined to the conditions and outlook which prevailed at the time of their adoption. * * * They should be given a flexible interpretation such as will meet new conditions and circumstances as they arise, and which necessity may demand without doing violence to plain language employed or transgressing the clear bounds of reason.”
 

 Or as was remarked in the case of
 
 Dornan
 
 v.
 
 Philadelphia Housing Authority, supra
 
 (331 Pa., 209, 221, 200 A., 834, 840)
 

 * *, views as to what constitutes a public use necessarily’ vary with changing conceptions of the scope and functions of government, so that today there are familiar examples of such use which formerly would not have been so considered. As governmental activities increase with the growing complexity and.
 
 *37
 
 integration of society, the concept of ‘public use’ naturally expands in proportion.”
 

 Under such an approach the property of appellant ought to be regarded as public property used exclusively for a public purpose, within the contemplation of our Constitution. ; : f
 

 The majority opinion quotes at some length from the case of
 
 United States
 
 v.
 
 Certain Lands in City of Louisville
 
 (C. C. A. 6), 78 F. (2d), 684. This case was decided by a two to one vote of the judges, related only to the authority of the federal government to acquire land through the exercise of eminent domain to carry out the purposes of the National Industrial Recovery Act of 1933, and is in disagreement with the decisions of other United States courts of equal rank. See
 
 Oklahoma City
 
 v.
 
 Sanders
 
 (C. C. A. 10), 94 F. (2d), 323, 115 A. L. R., 363;
 
 United States
 
 v.
 
 Dieckmann
 
 (C. C. A. 7), 101 F. (2d), 421;
 
 Keyes
 
 v.
 
 United States
 
 (C. C. A. D. C.), 73 App. D. C., 273, 119 F (2d), 444, certiorari denied, 314 U. S., 636, 86 L. Ed., 510, 62 S. Ct., 70.
 

 As upholding the right of a housing authority to exercise the power of eminent domain in acquiring private property for low cost housing projects, see 130 A. L. R., 1076, annotation;
 
 In re Brewster Street Housing Site,
 
 291 Mich., 313, 289 N. W., 493;
 
 Lennox
 
 v.
 
 Housing Authority of the City of Omaha,
 
 137 Neb., 582, 290 N W., 451;
 
 Matter of New York City Housing Authority
 
 v.
 
 Muller,
 
 270 N. Y., 333, 1 N. E. (2d), 153, 105 A. L. R., 905.
 

 Another reason exists as to why appellant should prevail. The Board of Tax Appeals, created by statute, is an administrative body possessing only
 
 quasi-
 
 judicial powers, and functions pursuant to laws enacted by the General Assembly. Where, then, the General Assembly has said that the property of a housing authority shall be deemed public property for public use
 
 *38
 
 and thus exempt from taxation, what right has the board to override such declaration! Its proper course of procedure was to exempt the property. The action of the board amounted to a nullification of Section 1078-36, General Code, which was beyond its powers.
 

 It is firmly established that the function of passing upon the constitutionality of statutes devolves upon the judiciary alone and an administrative board is therefore precluded from doing so. 8 Ohio Jurisprudence, 277, Section 175.
 

 The majority opinion holds that the property of the appellant is not “public property” within the meaning of the Constitution and Section 5351, General Code. This ignores Section 1078-36, General Code, which specifically designates the property of a housing authority as ‘ ‘ public property for public use, ’ ’ and thus places it squarely within the provisions of Section 5351, General Code, exempting property of that character from taxation.
 

 Judge Williams and the writer find themselves in disagreement with their brethren in this case. If the effect of the majority opinion is to pronounce Section T 078-36, General Code, unconstitutional, what becomes of Section 2, Article IV of the Constitution, which provides in part:
 

 “No'law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void.”
 

 We conclude that the decision of the Board of Tax Appeals herein was both unreasonable and- unlawful and should stand reversed.
 

 Williams, J., concurs in the foregoing dissenting opinion.