## STEGALL *v.* SOUTHWEST GEORGIA REGIONAL HOUSING AUTHORITY.

No. 14783.  MAY 4, 1944.

578

*Jesse J. Gainey* and *E. P. McCollum,* for plaintiff.

*Frank L. Forester, Spalding, Sibley & Troutman,* and *W. K. Meadow,* for defendant.

BELL, Chief Justice. If we were at liberty to consult our personal inclinations, we might find ourselves endeavoring to oblige, by deciding all of the questions referred to in the petition and discussed in the briefs. Also, it may be desirable, in the public interest, to have all of these questions, or such of them as may remain unsettled, finally and expeditiously determined, and in neither brief do we find any suggestion that we may not now determine them. For reasons, however, that are deemed compelling, we are unable to treat the case as counsel have treated it. We refer to certain well-established principles which must be considered in dealing with attacks upon the constitutionality of statutes, and with other matters that are here involved.

It is a grave matter for this court to set aside an act of the co-ordinate legislative department, and vague and indefinite attacks cannot be considered. *Savannah, Florida & Western Ry. Co.* v. *Hardin,* 110 *Ga.* 433, 437 (35 S. E. 681). In order to raise a question as to the constitutionality of a "law" (Code, § 2-3005), at least three things must always be shown: (1) the statute or

part of a statute which the party would challenge must be stated, or pointed out with fair precision; (2) the provision of the constitution which it is claimed has been violated must also be clearly designated; and (3) it must be shown wherein the statute violates such constitutional provision. *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198); *Emerson* v. *Southwest Georgia Regional Housing Authority,* 196 *Ga.* 675 (27 S. E. 2d, 334). Nothing less would comport with the requirement of good pleading, to the effect that a party shall plainly, fully, and distinctly set forth his cause of action, legal or equitable. Code, § 81-101. While the petition here may have met the second and third requirements above mentioned, none of the attacks were sufficient to meet the first requirement. We shall refer again to this matter.

Some other principles that must be considered are as follows:

This court will always abstain from passing upon the constitutionality of an act of the General Assembly, if there is any other valid ground upon which to base a decision. *McGill* v. *Osborne,* 131 *Ga.* 541 (2) (62 S. E. 811); *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219 (3) (159 S. E. 863).

No person will be heard to question the constitutionality of a statute, except as it may infringe upon his personal or property rights. *Plumb* v. *Christie,* 103 *Ga.* 686 (2) (30 S. E. 759, 42 L. R. A. 181); *Hazleton* v. *Atlanta,* 147 *Ga.* 207 (4), 208 (93 S. E. 202).

Nor would an original valid statute be rendered invalid merely by adding an invalid amendment, for, in such case, the original act would stand, even though the amendment should fall. Compare *Bennett* v. *Wheatley,* 154 *Ga.* 591 (2) (115 S. E. 83).

An injunction will not be granted on mere apprehension. A party suing as a taxpayer, in order to obtain such relief, must show that he is in danger of injury through loss of public funds or property. *Reid* v. *Mayor, etc. of Eatonton,* 80 *Ga.* 755 (6 S. E. 602); *Aiken* v. *Armistead,* 186 *Ga.* 368 (2-4) (198 S. E. 237); *City of Valdosta* v. *Singleton,* 197 *Ga.* 194 (28 S. E. 2d, 759).

It is to be presumed that public officers, including the taxing authorities, will perform their official duties at the proper time and in the proper manner, unless the contrary appears. *Connolly* v. *Atlantic Contracting Co.,* 120 *Ga.* 213 (2) (47 S. E. 575); *Loudermilk* v. *Stephens,* 126 *Ga.* 782 (55 S. E. 956).

A plaintiff who proceeds against a defendant as a corporation is estopped to deny its corporate existence. *Etowah Milling Co.* v. *Crenshaw,* 116 *Ga.* 406 (2) (42 S. E. 709).

A declaratory action is not maintainable in this State. *Southern Railway Co.* v. *State,* 116 *Ga.* 276 (2) (42 S. E. 508).

If a judgment is right for any reason, it must be affirmed. *Coker* v. *Atlanta,* 186 *Ga.* 473 (198 S. E. 74); *Guffin* v. *Kelly,* 191 *Ga.* 880 (4), 890 (14 S. E. 2d, 50).

■ Measured by the foregoing rules, how stands the present case? The petition assails as invalid five acts of the General Assembly, some of them lengthy. In one view of the petition, that is, to consider it without its prayers, each attack appears to have been aimed at all of these statutes *as an entirety,* for it is alleged in paragraph 10 that they are "void and unconstitutional for the following reasons, to wit," and then numerous reasons are given in subparagraphs.

So far as we are aware, this court has never dealt with a case in which it was sought by one combined stroke to annihilate five separate statutes as an entirety, and even in cases where only one statute was challenged as a whole, it has been said that the attack would necessarily fail unless the statute was invalid in every part for some reason alleged. *Atlantic Loan Co.* v. *Peterson,* 181 *Ga.* 266 (182 S. E. 15); *Miller* v. *Head,* 186 *Ga.* 694, 708 (198 S. E. 680). See also, in this connection, *Blaylock* v. *Hackel,* 164 *Ga.* 257 (4) (138 S. E. 333); *Washington Water & Electric Co.* v. *Pope Manufacturing Co.,* 176 *Ga.* 155 (2) (167 S. E. 286); *Patten* v. *Miller,* 190 *Ga.* 123 (3) (8 S. E. 2d, 757). So, in this case, such an omnibus attack would fail unless every section, paragraph, and sentence of all the five statutes should be held invalid, and, as will be mentioned again presently, only one section of any statute was specifically mentioned.

It may be said off the record, we do not apprehend that able counsel intended for one moment to draw in question all parts of all of these statutes by the petition as framed; yet it is by the record that the case must be determined, and, according to settled rules of pleading, we can not but conclude that the petition, in so far as it inveighs against statutes, is too general and indefinite with respect thereto.

Let us now consider the petition *with* its prayers. As to the

matter here under discussion, the only prayer was "That the said housing authorities law, as amended by act of the General Assembly of Georgia approved February 12, 1943, in so far as it authorizes rural housing projects by the defendant, be declared null and void." This prayer would seem to qualify the various preceding attacks, by limiting them to only so much of the "housing authorities law, as amended . . as authorizes rural housing projects;" and a study of the briefs supports that interpretation as representing the actual intention of the pleader. Under this construction, the indefiniteness of the petition, instead of being relieved, is actually increased, if not multiplied. Several of these statutes, including the amendment of 1943, deal in some parts with urban housing, and in other parts with rural housing, and there are various provisions in each that apply alike to both subjects. The petition does not designate any particular provision that the pleader would treat as relating only to rural housing, and therefore, in this view of the petition, it is even more certain that the attacks therein made are too vague and indefinite to raise any question for determination. *Rooks* v. *Tindall,* 138 *Ga.* 863 (2) (76 S. E. 378); *Funk* v. *Browne,* 145 *Ga.* 828 (4), (90 S. E. 44); *Commercial Bank of Athens* v. *Blassingame,* 147 *Ga.* 636 (95 S. E. 222); *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993); *Glover* v. *Rome,* 173 *Ga.* 239 (160 S. E. 249). It is true that subparagraph (a) of paragraph (10) specifically mentioned section 21 of the housing authorities law of 1937, but apparently, as we have indicated above, the allegations as to this section merely stated one of the "following reasons" why all of these statutes were invalid, and were not intended either as a separate or a separable attack upon section 21. However, even assuming that section 21 was by itself sufficiently assailed, a decision as to this section alone would be futile, for a similar provision was contained in the act of 1939 (Ga. L. 1939, p. 124), and there was no separate attack upon the latter provision. Compare Flournoy *v.* Wiener, 321 U. S. 253 (64 Sup. Ct. 548, 88 L. ed. 478). It may also be mentioned, as at least a partial barrier, that no attack is made upon the Federal housing act, wherein it is declared that all loans, income, assets, and property of the United States Housing Authority "shall be exempt from all taxation now or hereafter imposed by the United States or by any State, county, municipality, or local taxing authority." United States Housing Act of 1937, § 5 (e), 42 U. S. C. A., § 1405 (e). See Flournoy *v.* Wiener, supra.

Accordingly, in any view of the petition, all attacks upon the statutes fail, and therefore the statutes are to be treated as valid for the purposes of the present case. It follows that there is no merit in the complaints as to unlawful discrimination, or the taking of property without due process of law, or as to any other matter depending upon the validity or invalidity of these statutes.

■ There are additional reasons why the petition can not be sustained as to some of the matters of which complaint is made. There being no allegation to show a dereliction of duty or impending dereliction on the part of the taxing authorities, it is to be presumed that all of the properties mentioned will be duly taxed through proper official action, if they are subject to taxation under the constitution. In other words, it does not appear that these statutes are about to be given effect, so as to exempt any property from taxation. A mere agreement or representation by the housing authority that its bonds are exempt from taxation would be no indication that the taxing officers will give assent, so as to apply the statute to the plaintiff's injury. See, in this connection, *Dennison Manufacturing Co.* v. *Wright,* 156 *Ga.* 789 (4 *a*), 797 (120 S. E. 120). While the commissioners of roads and revenues have taken action to put the regional housing act of 1943 into effect, they are not the officers who are charged by law with the assessment and collection of taxes.

Moreover, only the housing authority was sued, and it is difficult for us to see how the question of tax exemption can be litigated solely between the party claiming the exemption and another taxpayer. As to a different remedy, which may or may not be applicable, see *Tarver* v. *Mayor & Council of Dalton,* 134 *Ga.* 462 (67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281); *Richmond County* v. *Steed,* 150 *Ga.* 229 (103 S. E. 253). In *Williamson* v. *Housing Authority of Augusta,* 186 *Ga.* 673 (199 S. E. 43), we passed upon the question as to exemption of property of an urban housing authority; but in that case the City of Augusta was made a party defendant, and an injunction was prayed against the city to restrain it from carrying out a contract made with the housing authority. We did not have any question as to tax exemption in *Barber* v. *Housing Authority of Rome,* 189 *Ga.* 155 (5 S. E. 2d, 425), or in *Hogg* v. *Housing Authority of Rome,* 189 *Ga.* 164 (5 S. E. 2d, 431), and consequently neither of those cases would

authorize a decision as to the tax-exemption provisions, under the allegations of the instant petition, and with only the housing authority as a defendant. Any such decision would be merely advisory, and would not be res judicata against the taxing authorities.

The two cases last-above cited involved contentions as to an unlawful expenditure of Federal funds, and as to this point it was held that the plaintiffs did not show such an interest as would entitle them to complain. This did not mean that additional reasons for the same judgment might not exist. *Taylor* v. *Boles,* 191 *Ga.* 591, 600 (13 S. E. 2d, 352).

Nor does the petition show that the governing authorities of Thomas County have entered into or are about to enter into any service contract with the defendant, or that they have paid or intend to pay any sum as expense of the first year's operation. Consequently, it does not appear that the plaintiff as a taxpayer is about to be injured by any action as to either of these matters. In the circumstances, he cannot be heard to attack the statutes as to these subjects. *Hogg* v. *Rome,* 189 *Ga.* 298 (6 S. E. 2d, 48).

But it was alleged, in subparagraph (s) of paragraph 10, that, "the acts, conduct, and agreements are illegal and void and not in compliance with the acts of the General Assembly of Georgia hereinabove referred to, for the reason that said project does not provide for the clearance of slums except by the agreement of the farmer that he will demolish a substandard house located on his farm, which plaintiff alleges does not constitute a clearance of slums within the meaning of the housing authorities law, as amended." This averment assumes that the statutes are valid, and complains only of a violation or noncompliance. In *Emerson* v. *Southwest Georgia Housing Authority,* supra, we held that an allegation in substantially the same language was a mere conclusion, and did not show that the statutes were being violated. In view of that ruling, it would seem that a petition ought to. show more as to the character of the house that is to be removed, and it *may* be that the actual conditions and surroundings, including other habitations in the particular area, should also be alleged. But in the *Emerson* case, we might have said further that if property otherwise exempt from taxation would lose its exemption by ultra vires acts of the housing authority, this fact alone would not entitle the plaintiff as a taxpayer to relief in equity. It is again

to be presumed, *prima facie*, that the tax authorities will perform their duty and go after it, if it is taxable. Furthermore, as we have just said, it does not seem that the plaintiff as a taxpayer could litigate this question solely with the housing authority.

■ There is another question that may and doubtless should be determined without reference to the constitutionality of any of these statutes. It was alleged in subparagraph (b) that the loan contracts, and the notes and bonds to be issued in pursuance thereof, are themselves in violation of the constitutional provision that no county, municipality, or political division shall incur any debt without the assent of two-thirds of the qualified voters. Code, § 2-5501. There being nothing in any of these statutes regarding assent of voters, the question is simply one as to whether the obligations mentioned would themselves appear to be contrary to the constitutional provision relied on. We answer this question in the negative, in so far as the present petition is concerned. Whether there be, as contended, material differences between the amendment of 1943 and the act of 1937 as to the incorporation of housing authorities, and whether the amendment of 1943, under which the defendant claims existence, be valid or invalid as to this matter, the plaintiff, having sued Southwest Georgia Regional Housing Authority as a corporate entity, is estopped to deny its corporate existence. Therefore, for present purposes, the defendant must be treated as a corporate entity. It is not, however, either by reason of such estoppel or by the terms of the statute, a county, municipal corporation, or political division within the meaning of the stated constitutional provision, and therefore its obligations will not be debts of a county, municipality, or political division, within the purview of that provision. *State* v. *Regents of the University System*, 179 *Ga.* 210 (175 S. E. 567). In *City of Valdosta* v. *Singleton*, supra, the city itself was about to issue the obligations.

While it has been held by some courts that housing authorities created under similar statutes are municipal corporations in the broad sense that their property might be treated as public property for the purpose of tax exemption, the regional authority here could not be correctly classified as a municipal corporation within the meaning of the foregoing debt clause of our constitution.

The petition did not state a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*