## 204.  RUCKER v. THE STATE.

1. A verdict of guilty, dependent upon an uncorroborated confession, should be set aside upon motion for new trial.
2. While, in the absence of a request to charge upon that subject, a trial court is not generally required to instruct the jury upon the subject of confessions, or as to their force and effect, still, where the case of the State is entirely dependent upon a confession in order to authorize a conviction, the jury should be given appropriate instructions with reference to the care with which such confessions should be considered, and they should be informed that a conviction is not authorized unless such confession be corroborated.

Indictment for enticing servant, from Hart superior court — Judge Holden. December 10, 1906.

Submitted February 18,—Decided June 19, 1907.

*A. G. & Julian McCurry,* for plaintiff in error.

*David W. Meadow, solicitor-general,* contra.

RUSSELL, J. The defendant, Wylie Rucker, was convicted of the offense of a misdemeanor, under the Penal Code, §122. It is alleged in the indictment that the defendant enticed, persuaded, and decoyed one George Smith, who was under a verbal contract as a farm laborer, to leave his employer, after he had actually entered the service of such employer, by offering to pay said Smith higher wages. The evidence on behalf of the State showed that George Smith was under a verbal contract, made about the 10th of May, 1904, by which he was to work for the prosecutor until Christmas, for $7 a month and his board. He worked a little over two months with his employer, and then went to work with the defendant. The prosecutor further testified that the defendant confessed to him that he had employed said George Smith, and was to give him $8.50 or $9 a month, and that he knew that the servant had actually entered the prosecutor's service and had worked over two months. It further appeared, from the evidence, that George Smith, the employee, wanted to "knock around a while," and that the prosecutor agreed to let him rest from the time they got done laying by. Under this agreement he worked with the defendant, or with his father, from the latter part of July until some time in August, and "after the vacation he came back and worked for [the prosecutor] about two weeks." The evidence for the defendant, which was uncontradicted, showed that George Smith was a

minor, whose mother was living. It also appeared that the defendant made a contract with his mother for the hire of the boy, and that nothing was done to induce the boy to work with the defendant, and that he did not work with him after the defendant was informed that the boy was under contract with the prosecutor. The defendant insisted that he only boarded the boy, George Smith, for the month during laying-by time, during which his employer had given him leave of absence, and that the agreement was that he was to work for the defendant for his board.

We think the court erred in not granting the defendant a new trial. The motion for new trial was based upon the general grounds; and, in addition, it is averred that the court erred in failing to charge the jury, although not requested so to do, that "all admissions should be scanned with care and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction." The movant also insisted that the court erred in failing to charge the jury the rule of law with reference to circumstantial evidence, to wit, that to warrant conviction on such evidence the proved facts must exclude every other reasonable hypothesis save that of guilt of the accused. The conviction in this case must depend entirely upon the evidence of the prosecutor that the defendant admitted to him that he persuaded the servant, George Smith, to work with him and leave his employer, by offering the boy higher wages. Without this evidence the State would have no case whatever, and the essential fact contained in this statement is the very gist of the whole criminal action. Generally the court is not required to charge the jury upon the subject of confessions at all, in the absence of a written request for instructions upon that subject; but there is a distinction between a case in which the conviction may depend upon a confession or upon other evidence, and a case in which conviction, if had, *must* depend upon the confession alone, as in this case. In cases of the former class the confession is always more or less corroborated by the other evidence in the case. In this case there was no corroboration; and, for that reason, although the testimony as to the confession be true, it can not support a conviction. If the State had proved that George Smith and the prosecutor made the contract alleged in the indictment, and that Smith entered into such service and left before its completion, the

State would have had no case whatever against this defendant; for it would have failed absolutely to show that he enticed, persuaded, or decoyed George Smith away from such employment. As before remarked, the knowingly enticing, persuading, and decoying of the farm laborer or other servant of another constitutes the whole offense, and therefore the statement made by the defendant to the prosecutor was not a mere inculpatory admission, but a confession, and we think, therefore, that the jury should have been charged that confessions of guilt should be received with great caution and that a confession uncorroborated will not justify a conviction. "The case, at best, is close and doubtful, and it is by no means clear that the evidence warranted a conviction. It was therefore essential to the fairness of the trial that the jury should have distinctly understood that they could not lawfully convict upon a confession alone, and that it was incumbent upon them to pass on and determine the all-important question whether or not the confession, if proved to their satisfaction, was corroborated by other evidence, which in connection with the confession itself was sufficiently strong and convincing to satisfy their minds beyond a reasonable doubt of the guilt of the accused." The confession is not corroborated in this case by the corpus delicti, for the entire criminal act depends upon the confession.

We are further of the opinion that a new trial should have been granted for the reason that the evidence is insufficient to authorize conviction. Taking the confession, as proved, to be sufficiently corroborated, it nowhere appears that the defendant knew, at the time that George Smith came to his house, or at the time that he employed him, that he was under contract with the prosecutor. The most that was proved by the prosecutor upon that subject was that the defendant knew that the laborer had actually entered his service and had worked over two months. This, the prosecutor says, the defendant told him he knew; and the only evidence that the boy, George Smith, was ever at the defendant's house after the conversation between the prosecutor and the defendant, comes from the prosecutor, as being a statement made to him by a person other than the defendant. This was, of course, inadmissible against the defendant, unless the evidence had shown that the defendant was present and by his silence acquiesced in the statement made. Nothing is more vexatious, abominable, or injurious than the inter-

ference of outsiders with the servants or laborers with whom another has contracted and upon the faith of whose contract he relies to honestly fulfill his own obligation; and the laws against these violators of the public peace and comfort should be enforced. But it must be borne in mind that in this class of cases, as in every other criminal charge, the State is required to prove the guilt of the accused. And to sustain a conviction in this case this court would have to shut its eyes to the fact that it was proved, and not contradicted, that the boy, George Smith, had a mother living, and that the State produced no evidence to show how he was able to make a legal contract, and further failed to show that the defendant knew that a legal contract had been made.

It is indispensable to show, in accusations brought under the Penal Code, §122, that there was a legal contract and that the defendant knew it. Both of these essentials the State failed to establish. The evidence in this case is very similar to that in *Mc-Allister* v. *State, 122 Ga.* 744, 50 S. E. 921. It is not enough to show that a defendant employed a servant who had already quit the service of his employer or had been temporarily released from such service; even though it be shown that the defendant employed such a servant by a promise of higher wages. If the servant has already left his employer, or if there was no legal contract with the former employer, he who employs such servant does not violate section 122 of the Penal Code. In the *McAllister* case, above cited, the defendant sent his wagons and helped the servant, Jackson, to move his household goods, over the protest and threats of the employer. And yet the Supreme Court in that case says: "The words used in the statute, 'entice, persuade, or decoy,' indicate that there must be some word or act of incitment or inducement on the part of the defendant, whereby he *influences* the will of the servant so that the latter becomes dissatisfied with his employment and is allured away." That Jackson of his own volition quit the service of his employer, and was then hired by the accused and by him assisted in moving his household effects, is not enough to authorize a conviction under the statute, unless it be shown that the servant was prompted to leave his employer by the accused. But it was argued, if this is not sufficient, it will be impossible to convict any one under this statute. That may be true, but the courts can not bend the construction of a statute in order to assist the State in

making out a case if the statute does not authorize such a construction. . . Penal statutes are to be construed strictly, and a sufficient answer to the argument *ab inconvenienti* is *ita lex scripta est."*                    *Judgment reversed.*