### 10516.  MARTIN *v.* THE STATE.

BROYLES, P. J.  1. Complaint is made of the following excerpt from the charge of the court: "The State insists it has proven certain incriminating statements on the part of the defendant that connect him with the manufacture of this liquor. Look and see whether such statements were made, and, if made, whether they amount to incriminating admissions upon his part, and, if you find they do, you may take into consideration any incriminating admission made by the defendant, together with all other testimony in the case, to aid you in any way in determining whether or not the defendant is guilty, whether he is connected with the manufacture of liquor, as charged in the indictment."

Under the facts of the case and in the absence of a timely and appropriate written request, this excerpt was not erroneous because of failure to charge the law of confessions as set out in section 1031 of the Penal Code. *Walker* v. *State*, 118 *Ga.* 34 (44 S. E. 850) ; *Pierce* v. *State*, 132 *Ga.* 27 (61 S. E. 792) ; *Lindsay* v. *State*, 138 *Ga.* 818 (76 S. E. 369) ; *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031) ; *Rucker* v. *State*, 2 *Ga. App.* 140 (58 S. E. 295) ; *Porter* v. *State*, 11 *Ga. App.* 246 (74 S. E. 1099; *Weldon* v. *State*, 21 *Ga. App.* 330 (1c) (94 S. E. 326).

2. There was testimony, other than that of accomplices, directly connecting the defendant with the offense charged and authorizing his conviction.     *Judgment affirmed.  Bloodworth and Stephens, JJ., concur.*

DECIDED JUNE 27, 1919.

Indictment for manufacture of liquor; from Floyd superior court—Judge Wright.   April 7, 1919.

*M. B. Mebane,* for plaintiff in error.

*C. H. Porter, solicitor-general,* contra.