### 11230.  EDWARDS *v.* THE STATE.

BROYLES, C. J.  1. The court did not err in overruling the demurrer to the indictment.

(a) The last ground of the demurrer is too general and indefinite to raise the question of the constitutionality of section 22 of the act of the General Assembly approved March 28, 1917 (Ga. L. Ex. Sess. 1917, p. 18). See, in this connection, *Rooks* v. *Tindall*, 138 *Ga.* 863 (70

S. E. 378); *Commercial Bank* v. *Blassingame*, 147 *Ga.* 636 (95 S. E. 222); *Crapp* v. *State*, 148 *Ga.* 150 (95 S. E. 993).

(b) The other grounds of the demurrer are without substantial merit. See, in this connection, *McRae* v. *State*, 23 *Ga. App.* 13 (97 S. E. 410).

2. The excerpt from the charge of the court, complained of, is not erroneous for any reason assigned.

3. There was no evidence which authorized the defendant's conviction of the offense charged, and the court erred in overruling his motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1920.

Indictment for misdemeanor; from Taliaferro superior court — Judge Walker. December 12, 1919.

1. The indictment charged that on January 8, 1919, the defendant "did knowingly permit and allow and did have and possess and locate on his premises apparatus for the distilling and manufacturing of spirituous, vinous, malted, fermented, and intoxicating liquors and prohibited liquors and beverages, contrary to the laws of said State," etc. The demurrer was on the following grounds: (1) The indictment does not describe the premises on which it is alleged the apparatus was located. (2) The nature and kind of apparatus is not described. (3) No crime is charged, for the liquors described are such as are defined in the act of the General Assembly approved November 17, 1915, and not those described in the act of March 28, 1917, which makes it a misdemeanor to allow the location on one's premises of apparatus for the manufacture of liquors. (4) The indictment charges the defendant with having apparatus such as is defined in the act of November 17, 1915, and "said allegation sets out no crime under the law." (5) The act approved March 28, 1917, under which the indictment was found, does not make it a crime for a person to have for himself such apparatus on his premises, but instead makes it a misdemeanor for him to permit any one else to have or locate such apparatus on his premises. (6) "Because said indictment sets out no crime punishable by law against this defendant, for the reason that defendant is indicted under section 22 of the act of the General Assembly of Georgia approved March 28th, 1917, and because said section 22 of said act contains matter different from what is expressed in the title of said act. Said portion of said act is unconstitutional in that it is in violation of paragraph 8 of section 7 of article 2 of the con-

stitution of Georgia, said section dealing with the validity of the laws enacted by the General Assembly of Georgia."

2. The following instructions to the jury were complained of: "Under this law the State has to show you, before you would be authorized to find the defendant guilty (and show you beyond a reasonable doubt), that this defendant did have or possess, or that there was located on his (the defendant's) premises, some kind of apparatus for the distilling or manufacturing of such liquor and beverages as set out in the indictment. If you should find there was apparatus for the purpose of distilling or manufacturing liquors and beverages as specified in this act, but you find they were located on premises other than the premises of the defendant, you could not find the defendant guilty under this indictment. If you find there was such apparatus of the kind aforestated, for the purpose of making liquor, and from the evidence and the description of the place where it is located you have a reasonable doubt in your mind (which reasonable doubt will be explained to you in my further instructions) whether or not it was on the defendant's premises, or if he was in actual control of it, if you have a reasonable doubt about that, you must give the defendant the benefit of that doubt and acquit him." It was alleged that "said charge was error for the reason that it instructs the jury that the State could make out a prima facie case against the defendant by showing a still to be located on his premises, when the law does not make him prima facie guilty unless the evidence shows the still to have been located on premises of which the defendant was in 'actual possession.' The court nowhere instructs the jury in this charge that the burden would not rest upon the defendant of showing his innocence, even though the premises belonged to him, if he was not in 'actual possession' of the premises, and there is no law placing the burden on the defendant of showing his innocence, even though distilling apparatus is located on his premises, unless the defendant be in 'actual possession' of the same."

3. The sheriff testified: that at a spring about 150 or 200 yards from the house of Tom Edwards (the defendant), in January, 1919, he found an old lard can, which was smoked and black on the outside, and something resembling mash, and found hidden in the woods near the spring a cap for this can, which was

an ordinary lard-can top with a piece of wood fastened to it for a pipe to go into. He found also a 5-gallon keg with a hole bored in the top and one in the side at the bottom, and a kit in which some one had had fire, and a tub with a little more than a double handful of mash in it. It seemed to be corn meal and syrup mash and to have been in the tub for some time. Traces of barrels were on the ground, and there was a fresh wagon track leaving the defendant's house and going straight down to this spring, and it turned around there and went off in another direction. The spring is on land belonging to Mr. J. H. Battle and not in cultivation, and several of his tenants live near it; and the witness could not swear that the defendant had anything more to do with the land on which the spring was situated than three or four other tenants, or that it was actually in the defendant's possession or control, though he thought that the spring was on the defendant's premises. There was a path leading from the defendant's house towards the spring, and an old road went by his house and on down to the spring, and this path went out around his garden and into the old road about 100 yards from the spring. Another witness testified substantially to the same effect, and that the defendant cultivated a small patch of land between the spring and his house, which came down within 150 yards of the spring. There were bushes and shrubbery between this cultivated land and the spring. There was testimony for the defendant to the effect that the spring referred to by the preceding witnesses was on land not rented to the defendant, and that he had nothing to do with it and got his water from a well at his house. He stated that he knew nothing of the lard can and other things found by the sheriff.

*M. L. Felts,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.