### 12180.  MILLER *v.* THE STATE.

1. This court is not authorized to transfer any case to the Supreme Court on the ground that it involves the constitutionality of a statute of the State, where the grounds attacking the statute as unconstitutional fail to point out specifically what provision of the constitution (article, section, and paragraph) is alleged to have been violated.

2. Even if the assignment of error in the 5th ground of the motion for a new trial, that " the court erred in failing to charge the jury on the rule of evidence known as circumstantial evidence," is suffiicient (see *Goen* v. *State*, 24 *Ga. App.* 370(1), 100 S. E. 479), the failure to charge on circumstantial evidence in this case was not error.

3. The judge charged the jury that the accused came before them charged with the offense of " knowingly and wilfully permitting one to locate on his premises in possession an apparatus for distilling whisky and rum," and read to them the statute which made it unlawful for anyone to " knowingly permit or allow any one to have or possess or locate on his premises any apparatus for distilling or manufacturing " such liquors, and told them that they must " believe, beyond a reasonable doubt and under the rules of law as given them in charge, that the defendant Charlie Miller is guilty of the offense of permitting a still to be located on his premises as alleged in the accusation," before they should find him guilty.  This sufficiently covered " guilty knowledge," and the complaints in grounds 6, 8, and 9 of the motion for a new trial, in reference to a failure to charge further in reference thereto, are without merit.

4. The instruction complained of in the 7th ground of the motion for a new trial is in the exact language of the 2d clause of section 22 of the prohibition act of 1917 (Ga. L. Ex. Sess. 1917, p. 18).    So to charge was not error.

5. The judge was requested to charge the jury as follows: " You would have to find beyond a reasonable doubt, before you convicted the defendant, that the apparatus in question was located on the premises owned by this defendant." This was not a correct statement of the law, and the

judge properly refused to give it in charge. Under this law others be-
sides the *owner* of the premises may be convicted.

6. The following charge of the court was not error: "In this case the de-
fendant has made a statement. This is not under oath, and shall have
such weight only as the jury may think right to give it. You may be-
lieve it in preference to the sworn testimony in the case." See *Wilder*
v. *State*, 148 *Ga.* 270(2) (96 S. E. 325); *Suple* v. *State*, 133 *Ga.* 601(2)
602(2) (66 S. E. 919); *Taylor* v. *State*, 132 *Ga.* 235(1 *a*) (63 S. E.
1116).

7. The evidence supports the verdict, and the judge did not err in overrul-
ing the motion for a new trial.

DECIDED APRIL 13, 1921.

Conviction of misdemeanor; from city court of Dublin —Judge
Sturgis. January 8, 1921.

*W. A. Dampier, Charles S. Loden,* for plaintiff in error.

*William Brunson, solicitor,* contra.

BLOODWORTH, J.   None of the headnotes in this case require
elaboration except the first.   The accusation was drawn under
section 22 (page 18) of the act passed by the General Assembly of
Georgia at its extraordinary session held in 1917, and charged that
the accused " did knowingly permit and allow one, whose name
is unknown to prosecutor, to locate on his premises in possession
an apparatus for the distilling and manufacturing of whisky and
rum."   To this accusation the defendant demurred on three
grounds, but the only one argued in the brief of his counsel in this
court is the second, which, for convenience of reference, we divide
into three paragraphs : (*a*) "That the section of the act of the Gen-
eral Assembly of the State of Georgia, No. 22, passed in extraordi-
nary session, March 20-28, 1917, is null and void and unconstitu-
tional, in that it provides a statutory rule of evidence in the latter
part of said section No. 22, which, by reason of its generality, when
applied to cases brought under this section by the courts, would
effectuate results forbidden by constitutional law.   That is to say,
that act states that proof of certain facts, which are not criminal in
themselves, establish the guilt of a party being tried under this
section, of acts which are criminal, and is therefore violative of sec-
tion 1, paragraph 3, of the constitution of the State of Georgia,
and is also violative of sec.— and par.— of the constitution of the
State of Georgia." (*b*) "That said section 22, the act of the General
Assembly in extraordinary session, March 20-28, 1917, is null and
void and unconstitutional, in that it undertakes to make a stat-

utory rule of evidence with reference to the presumption of guilt on the part of any one being tried under this section, which is repugnant to both the constitution of the State of Georgia and of the Federal Constitution of the United States, in that it takes from the defendant the right of requiring the State to prove his guilt beyond a reasonable doubt before a conviction would be warranted." (c) "That said section No. 22 of the act of the General Assembly of the State of Georgia in extra session, March 20-28, 1917, is null and void and unconstitutional, in that it contravenes the general law of evidence which provides that the defendant in all criminal cases enters upon the trial of his case with the presumption of innocence in his favor, and that presumption remains with him until his guilt is established beyond a reasonable doubt, said section so contravened by this act being No.— Park's Annotated of Georgia (Penal)." The demurrer was overruled, and exceptions pendente lite were filed, and the bill of exceptions contains proper assignments of error thereon.

An examination of the foregoing demurrer will show that nowhere does it definitely point out what parts of the constitution, either of the State or of the United States, it is claimed is violated by this law. In one part of paragraph (a) of the demurrer a section and paragraph of the constitution is set out, but the article in which this section and paragraph appear is not named. In the other portion of paragraph (a) the article of the constitution is not only not named, but even the section and paragraph thereof are left blank. In paragraph (b) of the demurrer no article, section, or paragraph of the constitution is named, and it is simply stated that section 22 of the act of 1917 is " repugnant to both the constitution of the State of Georgia and of the Federal Constitution of the United States." In paragraph (c) of the demurrer it is said that the section under consideration is unconstitutional " in that it contravenes the general law of evidence," but no particular portion of the law is pointed out that it contravenes. It will thus be plainly seen that the demurrer is not sufficiently definite and specific to raise any constitutional question. " Before this court is authorized or required to certify any question to the Supreme Court on the ground that it is a constitutional question, it must be specifically made in the record, and must also be necessary to the proper determination of the case." *Tooke* v. *State, 4 Ga. App.* 495(1) (61 S.

E. 917). See also *Morton* v. *Nelms,* 118 *Ga.* 786 (45 S. E. 616);
*Almand* v. *Pate,* 143 *Ga.* 711(2) (85 S. E. 909); *Dobbs* v. *Bullard,*
149 *Ga.* 553, 555 (101 S. E. 122), and cases cited.

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*