## JOHNSON v. THE STATE.

BECK, P. J.   1. An accusation in a city court charging a named person with
the offense of a misdemeanor, " for that the defendant did [on a given
date]   .   .   allow some person whose identity is unknown   .   .   to
have and possess and locate on defendant's premises, in an outhouse with-
in the curtilage of defendant's residence, a complete distilling apparatus
for the distilling of intoxicating liquors," is not demurrable on the
ground that the same is " insufficient because of its failure to designate
what is meant by ' some person;' " nor is it demurrable on the ground
that the name of the person allowed to possess and locate the distilling
apparatus on the defendant's premises is not given.

2. The premises upon which it is charged that the distilling apparatus was
located are sufficiently described.

3. Another ground of the demurrer challenges the accusation upon the
ground that the expression " a complete distilling apparatus," the loca-
tion of which is charged in the accusation, is insufficient because it
does not disclose what is contemplated by the terms used.   This ground
is without merit, the accusation alleging that the complete distilling ap-
paratus was for the distilling of intoxicating liquors, " consisting of a
lard-can, a galvanized pipe, coil,   .   .   there being a hole in the top
of the can wherein the coil was inserted."   This description was suffi-
cient.

4. The demurrer on the ground that the accusation under consideration
charges no offense under the law is without merit when the provision
of section 22 is read in connection with other sections of the act provid-
ing penalties for the violation of any of the provisions of the act.

5. Section 22 of the act of the General Assembly of Georgia, entitled " An
act to amend and supplement the prohibition laws of this State," ap-
proved March 28, 1917 (Georgia Laws, Ex. Sess. 1917, p. 1), which
makes it unlawful for any corporation, firm, or individual to knowingly
permit or allow any one to have or possess or locate on his premises
any apparatus for the distilling or manufacturing of the liquors specified
in the act, is not unconstitutional on the ground that it contains mat-
ter different from what is expressed in the title of the act.   One of
the purposes for which the law was enacted, as expressed in the title,
is to make it unlawful to distil or manufacture any intoxicating liquors
in the State; and the provision of section 22 falls within the general
scope and purpose of the act as indicated in the part of the caption
recited, and makes the scheme of prohibition, so far as it relates to
the manufacture of alcoholic liquors, more complete.

6. The section of the act upon which this accusation is based is not void
upon the ground that it is too vague and uncertain for enforcement
under the penal laws.   .

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent
because of sickness.*

No. 2471.   NOVEMBER 17, 1921.

Accusation of violating liquor law. Before Judge Edwards. City court of Dawson. January 20, 1921.

*Yeomans & Wilkinson,* for plaintiff in error.

*W. H. Gurr, solicitor,* contra.