## 13214.  JACKSON *v.* THE STATE.

BLOODWORTH, J. There is no merit in any of the grounds of the amendment to the motion for a new trial. There is ample evidence to support the verdict, which has the approval of the trial judge, and this court will not interfere. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 11, 1922.

Indictment for robbery; from Bibb superior court — Judge Malcolm D. Jones. December 10, 1921.

*Hubert F. Rawls,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

---

## 13215.  BROWN *v.* THE STATE.

BROYLES, C. J. 1. Where any apparatus used to make whisky, or any part of such apparatus, is found in a person's possession or control upon his premises, he may lawfully be convicted of knowingly having upon his premises an apparatus for the manufacturing and distilling of whisky; and in the instant case the court did not err in so charging. *Strickland v. State,* 25 *Ga. App.* 1 (102 S. E. 383).

2. There being direct evidence that some portions of an apparatus used to make whisky were found on the defendant's premises, and that the premises were in his actual possession, his conviction did not depend entirely upon circumstantial evidence, and it was not error, in the absence of a timely and appropriate written request, for the court to omit to instruct the jury upon the law of circumstantial evidence.

3. These grounds of the motion for a new trial which are not dealt with above show no material error.

4. The verdict was authorized by the evidence, and it was not error for any reason assigned to overrule the motion for a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 11, 1922.

Indictment for misdemeanor; from Bulloch superior court — Judge Strange. December 3, 1921.

*Fred T. Lanier,* for plaintiff in error.

*A. S. Anderson, solicitor-general,* contra.