18680.  CROWE *v.* THE STATE.

BROYLES, C. J.  1.  The special presentment was drawn under section 22
of the act of the General Assembly approved March 28, 1917 (Ga. L.
Ex. Sess. 1917, p. 18), and was not subject to any ground of the demur-
rer. See, in this connection, *Edwards* v. *State*, 25 *Ga. App.* 179 (102
S. E. 847) ; *McRae* v. *State*, 23 *Ga. App.* 13 (97 S. E. 410) ; *Brown* v.
*State*, 28 *Ga. App.* 442 (111 S. E. 696) ; *O'Bryant* v. *State*, ante, 827.
The request of counsel for the plaintiff in error that the *Edwards*
case, supra, be reviewed and overruled is denied.

2. While it is the duty of the judge in the trial of a criminal case to state
the contentions of both the State and the defendant, nevertheless, in the
absence of a written request for fuller instructions, a statement by the
judge that the grand jury has returned an indictment against the de-
fendant, charging him with a misdemeanor (the court then stating the
specific charges in the indictment which was drawn under section 22 of
the act of the General Assembly approved March 28, 1917, as stated in
the preceding note), and that to this indictment the defendant has filed
a plea of not guilty, which raises the issue for the jury to try, suffi-

Criminal Law, 16 C. J. p. 931, n. 95; p. 963, n. 26; p. 1050, n. 84; p.
1057, n. 24; p. 1180, n. 74; 17 C. J. p. 58, n. 17.

Intoxicating Liquors, 33 C. J. p. 729, n. 42; p. 791, n. 41, 53.

ciently presents the issue. *Faison* v. *State*, 13 *Ga. App.* 180 (79 S. E. 39) ; *Byrd* v. *State*, 28 *Ga. App.* 244 (2) (110 S. E. 758).

3. The excerpt from the charge upon the subject of the impeachment of witnesses, complained of in the motion for a new trial, when considered in the light of the charge as a whole and the facts of the case, does not require a reversal of the judgment below.

4. The evidence amply authorized a finding that the land upon which the distilling apparatus was found was in the actual possession of the defendant, and the court properly charged the latter part of section 22 of the act, supra. Nor was the failure of the court to define to the jury the term "actual possession" error, in the absence of a timely and appropriate written request.

5. Objection to evidence on the ground that it is "irrelevant and immaterial" is too general to raise any specific question of law for adjudication on exceptions to this court. See, in this connection, *Martin* v. *State*, 35 *Ga. App.* 575 (2-a) (134 S. E. 185), and cit.

6. The evidence for the State amply authorized the defendant's conviction. The defendant introduced no evidence, but relied upon his unsworn statement to the jury, which statement they evidently rejected, as was their right. No harmful error of law appears, and the judgment refusing the grant of a new trial is

*Affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*
DECIDED MARCH 7, 1928.

Violating liquor law; from Taliaferro superior court—Judge Perryman. December 2, 1927.

*Hawes Cloud, Hugh E. Combs, Noel P. Park,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.