## 23773. STEYERS *v.* THE STATE.

DECIDED MARCH 9, 1934.

*Joseph D. Lewis, Swift Tyler Jr.,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. The defendant was charged with selling lottery tickets and with maintaining and carrying on a lottery. There was evidence, in addition to a full confession, that the defendant was guilty of the offense charged; that he was found in possession of the entire outfit and a sum of money which indicated the same had been received by him in the sale of tickets which were a part of the lottery. There was detailed evidence as to how the lottery was carried on. The books, tickets, and money found on the defendant

were sufficient to show his connection therewith, and amounted to a corroboration of his confession. In the case of *Rucker* v. *State*, 2 *Ga. App.* 140 (58 S. E. 295), cited by plaintiff in error, the defendant was found guilty of enticing a farm laborer to leave his employer after he had actually entered upon his term of employment. The knowledge of the defendant that the laborer was working for the prosecutor and that he persuaded the laborer to leave such employment was the very gist of the offense, and was shown alone by the confession of the defendant. No other evidence of any kind was introduced to indicate such a fact, which was the essential ingredient of the crime. Under such circumstances it was error to fail to charge on confessions, as to the care with which they should be considered, and that a conviction would not be authorized unless the confession was corroborated. The confession in the present case was amply corroborated. The first count charged the defendant with keeping, maintaining, and carrying on a lottery, together with an allegation as to how the same was carried on. The evidence was amply sufficient on this count. The second count charged that he did sell and furnish to persons, whose names are unknown, certain numbers, tickets, and combinations which represented chances in a lottery. It was testified that the tickets found in the defendant's possession were carbon duplicates of tickets furnished purchasers, in the carrying on of the enterprise. The numbers and symbols thereon were explained in detail as to their operation. The other evidence as to the date of the tickets and the amount and character of the money found on the defendant were sufficient circumstances, taken in connection with the confession, to support a conviction on the second count.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*