## 29477. BROWN *v.* THE STATE.

DECIDED JULY 8, 1942.

*A. S. Skelton,* for plaintiff in error.

*R. Howard Gordon, solicitor-general,* contra.

BROYLES, C. J. L. R. Brown was indicted for a criminal offense. The indictment was drawn under the Code, § 58-209, and alleged that the defendant, on January 20th, 1941, in the county of Madison, Georgia, did then and there, unlawfully, and knowingly, permit and allow and did possess and locate on his premises "apparatus for the distilling and manufacturing of spirituous, vinous, malted, fermented, and intoxicating liquors and prohibited liquors and beverages, contrary to the laws of said State," etc. A demurrer to the indictment was overruled and exceptions to that judgment were filed. The jury found the defendant guilty of the offense charged. A motion for a new trial was denied and that judgment is assigned as error.

The demurrer contained the following grounds: 1. It is not alleged in the indictment what person, firm or corporation defendant knowingly permitted to possess and locate the distilling apparatus on his grounds. 2. The indictment charges that said apparatus was one to be used in distilling and making spirituous, vinous, malted, fermented, and intoxicating liquors and prohibited liquors and beverages. Under said charges "the defendant could be convicted of the offense of knowingly permitting and allowing and of having, possessing, and locating on his premises an apparatus for distilling and manufacturing vinous, and/or malted beverages, which under the law of Georgia is not a penal offense," since the making of vinous and malt beverages is legalized under the laws of Georgia. 3. Under the allegations of the indictment no offense under the laws of Georgia is charged, because it is not made an offense, by the Code section under which the indictment was drawn, for the defendant to possess said apparatus on the premises in his actual possession, but the only offense so made is where the defendant knowingly permits *another* person, natural or artificial, to locate such apparatus on his premises. 4. The indictment is duplicitous in that it charges in the same count acts which, if true, constitute no offense against the laws of Georgia, and acts which constitute an offense under the constitution of the State.

552

The act of the General Assembly of March 28, 1917 (Ga. L. 1917, Ex. Sess., p. 18, now embodied in Code, § 58-209) reads as follows: "It shall be unlawful for any corporation, firm or individual to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in section 58-201. When any such apparatus is found or discovered upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same, and upon conviction therefor, shall be punished as for a misdemeanor, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises." In *McRae* v. *State,* 23 *Ga. App.* 13 (97 S. E. 410), where the indictment employed the same language that was used in the indictment in this case, this court held: "The indictment, drawn under section 22 of the act approved March 28, 1917 (Acts of Extraordinary Session, March 20-28, 1917, p. 18), sufficiently charged a criminal offense under the laws of this State, and was not subject to the demurrer interposed." In that case the demurrer alleged: (1) No offense is charged. (2) The indictment fails to allege by whom the apparatus was located on the defendant's premises. In *Johnson* v. *State,* 152 *Ga.* 270 (109 S. E. 673), it was held that an accusation, drawn under the above-quoted act, is not "demurrable on the ground that the name of the person allowed to possess and locate the distilling apparatus on the defendant's premises is not given." And in headnote 4 of that case it was held: "The demurrer on the ground that the accusation under consideration charges no offense under the law is without merit." In *Edwards* v. *State,* 25 *Ga. App.* 179 (102 S. E. 847), it was held that a similar indictment was not demurrable on the ground that the act of March 28, 1917, does not make it a crime for a person to have for himself such apparatus on his premises, but instead makes it a misdemeanor for him to permit any one else to have or locate such apparatus on his premises. Under the foregoing rulings, grounds 1 and 3 of the demurrer were properly overruled. The request of counsel for the accused that the cases of *McRae* v. *State,* supra, *Edwards* v. *State,* supra, *Brown* v. *State,* 28 *Ga. App.* 442 (111 S. E. 696), *O'Bryant* v. *State,* 37 *Ga. App.* 827 (142 S. E. 306), and *Crowe* v. *State,* 37 *Ga. App.* 828 (142

S. E. 306), be reviewed and overruled, is denied. Ground 4 of the special demurrer is too general and vague to be considered. A special demurrer, "being a critic, must itself be free from imperfection." *Alford* v. *Davis,* 21 *Ga. App.* 820 (4 a) (95 S. E. 313); *Douglas, Augusta & Gulf Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (59 S. E. 600); *Veal* v. *Beall,* 189 *Ga.* 31 (5 S. E. 2d, 5).

Assuming (but not deciding) that the court erred in overruling ground 2 of the special demurrer, the error was harmless to the accused, since "It is well settled that the erroneous overruling of a special demurrer is not harmful error where it affirmatively appears from the evidence in the case that the error did not result in injury to the party interposing the demurrer, and 'In determining whether the error has resulted in injury, the court may look to the record as a whole.' *Hall* v. *State,* 8 *Ga. App.* 747 (3), 750-752 (70 S. E. 211)." *Coffee County* v. *Denton,* 64 *Ga. App.* 368, 372 (13 S. E. 2d, 209). In the instant case the evidence adduced referred to apparatus for the making of whisky only. There was absolutely nothing in the evidence, or in the defendant's statement to the jury, to show that the apparatus alleged to have been found on the defendant's premises was used, or could have been used, in the making of vinous or malted liquors. Therefore it clearly appears that the overruling of this special demurrer, if error, was not injurious to the accused. The evidence, including an admission by the accused that he "tended" the land, authorized the jury to find that the apparatus for the making of whisky was located on the defendant's premises (of which he had actual possession) with his consent or knowledge. Whether it was so located was a question for the jury. *Malcom* v. *State,* 28 *Ga. App.* 627 (1) (112 S. E. 651).

Special ground 1 of the motion for new trial is merely an elaboration of the general grounds. The other special ground, assigning error on the failure of the court to charge the jury that all admissions should be scanned with care, is without merit. It does not appear from the ground that such a charge was requested and therefore, under repeated decisions of the Supreme Court and this court, the failure to so charge was not error.

In *Rucker* v. *State,* 2 *Ga. App.* 140 (58 S. E. 295), cited in behalf of plaintiff in error, where the verdict of guilty was *entirely dependent* upon an *uncorroborated* confession, headnote 2 reads as

follows: "While, in the absence of a request to charge upon that subject, a trial court is not generally required to instruct the jury upon the subject of confessions, or as to their force and effect, still, where the case of the State is entirely dependent upon a confession in order to authorize a conviction, the jury should be given appropriate instructions with reference to the care with which such confessions should be considered, and they should be informed that a conviction is not authorized unless such confession be corroborated." That decision refers only to a case where the verdict of guilty was *entirely dependent* upon an *uncorroborated confession*. In the instant case there was no confession at all, but merely an inculpatory admission, and the verdict of guilty was not entirely dependent on the admission. Moreover, in *Steyers* v. *State,* 48 *Ga. App.* 785 (173 S. E. 439), this court held: "It is not cause for a new trial that the judge failed to charge the jury on the subject of confessions, in the absence of a timely written request, where proof of the defendant's connection with the crime was not entirely dependent upon a confession." And in the opinion of that case *Rucker* v. *State,* supra, was analyzed and distinguished. To the same effect see *Thomas* v. *State,* 150 *Ga.* 269 (103 S. E. 244). The court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*