32460, 32461, 32462, 32463. JOHNSON *v.* THE STATE
(four cases)

Decided May 10, 1949.

*Harris, Henson & Spence,* for plaintiffs in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, B. B. Zellars, William Hall,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Code § 58-209 provides as follows: "It shall be unlawful for any corporation, firm or individual to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in § 58-201. When any such apparatus is found or discovered upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same, and upon conviction therefor, shall be punished as for a misdemeanor, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises." The gravamen of the offense is knowingly having upon one's premises an apparatus for the illegal manufacturing of alcoholic beverages. The offense may be committed by one knowingly permitting another to have or possess or locate such apparatus on his premises, or by knowingly having such apparatus on his premises himself. This statute does not make penal the possession of such apparatus other than on the premises of the defendant. The possession of such an apparatus other than on one's premises is not unlawful. See *Alexander* v. *State,* 25 *Ga. App.* 175 (102 S. E. 878); *Brown* v. *State,* 67 *Ga. App.* 550 (21 S. E. 2d, 268); *Edwards* v. *State,* 25 *Ga. App.* 179 (102 S. E. 847). In order for one to be guilty of the offense, it is not necessary that he be the owner of the premises. The offense is made out where it appears that the defendant was in possession of the same. See *Miller* v. *State,* 26 *Ga. App.* 642 (5) (107 S. E. 64); *Crowe* v. *State,* 37 *Ga. App.* 828 (4) (142 S. E. 306).

The accusations here make no reference whatever to the premises of the defendants. They charge that each of the defendants "did unlawfully have and possess apparatus for the distilling and manufacturing of spirituous, vinous, malted, fermented and intoxicating liquors and beverages, said apparatus

consisting of one 75 gallon copper still, one thumper keg, and 240 gallons of mash." These accusations, therefore, fail to charge any offense against these defendants and the trial court erred in overruling the demurrers.

■ The accusations charging the defendants herein with possessing non-tax-paid whisky are specific accusations and not general ones. They charge that each of said defendants "did have, control, and possess distilled spirits and alcohol that did not bear the tax stamps prescribed by the revenue commissioner, to wit, 7 gallons of whisky in jugs off Lackey Road." The evidence shows without dispute that C. C. Johnson had in his possession a quart fruit jar of whisky. A conviction of illegally possesssing whisky against the defendant C. C. Johnson cannot be based on this evidence. See *Morgan* v. *State,* 119 *Ga.* 964 (47 S. E. 567), and cases there cited. Had the accusation been general, the State could have proved the commission of the offense at any time within two years next preceding the date it was filed, and the defendant, C. C. Johnson, would then have been protected from any other prosecution shown to have occurred in that interval of time. But the accusation was specific. It charged that the whisky was in jugs, that there were 7 gallons of it, and that it was possessed off Lackey Road. A judgment of guilty or innocent for the possession of that specific whisky is not a bar to a prosecution for the possession of the quart of whisky in a fruit jar by the defendant, C. C. Johnson. See *Harris* v. *State,* 193 *Ga.* 109 (17 S. E. 2d, 573, 147 A. L. R. 980).

■ The evidence relied upon for a conviction for possessing non-tax-paid whisky is purely circumstantial, and in order to be sufficient to convict must not only be consistent with the hypothesis of guilt but must exclude every other reasonable hypothesis save that of the guilt of the accused. Code, § 38-109. However, Code § 38-110 provides: "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt."

The circumstances relied upon by the State in the case against Smith Johnson is, his presence at a whisky distillery which was in operation and where the whisky, with the possession of which he is charged, was stored. The explanation of Smith Johnson as to his presence was that he was looking for his brother, C. C. Johnson, who was fox hunting in that area, and that upon seeing the still and a man at it he walked up to it to get a drink of beer. His explanation as to his flight was that he heard the dogs, which the undisputed evidence shows were set after him.

The defendant here is not on trial for the manufacture of whisky. However, the same rule of evidence must apply on the trial of a defendant charged with possessing liquor as to one on trial for the manufacture of whisky. With this in view, it is well settled that, whether the defendant's explanation of his presence at a still was reasonable and satisfactory is a question for the jury. See *Chapman* v. *State*, 38 *Ga. App.* 345 (143 S. E. 923); *Strickland* v. *State*, 43 *Ga. App.* 578 (2) (159 S. E. 756). Since the jury disbelieved it, the explanation of the defendant, Smith Johnson, may be disregarded.

The presence of a defendant at a distillery where intoxicating liquor is being made and his running away on seeing an officer approaching may, when not satisfactorily explained authorize the jury to find him guilty. See *Flint* v. *State*, 29 *Ga. App.* 222 (1) (114 S. E. 585); *Alsabrook* v. *State*, 35 *Ga. App.* 592 (134 S. E. 333); *Lindsay* v. *State*, 32 *Ga. App.* 74 (122 S. E. 649); *Strickland* v. *State*, supra; *McMichen* v. *State*, 47 *Ga. App.* 240 (170 S. E. 301).

Since the presence of the defendant, Smith Johnson, at the place where a still was in operation and his flight from it would have been sufficient to have convicted him of manufacturing whisky, and since the same rule as to sufficiency must apply where one is charged with the possession of whisky stored at such a distillery, the evidence was sufficient in the instant case to authorize the jury to find Smith Johnson guilty.

Although C. C. Johnson was not present at the still and did not run away upon the approach of the officers, the circumstantial evidence against him—that his home was the closest one to and

within ½ mile of the place where the still was in operation and where the whisky was stored, that he was at a fire within two hundred yards of the still, from which his brother and another fled upon the approach of the officers, and that he had a shotgun and a quart of non-tax-paid whisky in his possession when one of the arresting officers seized him and placed his hand over his mouth so that he could not shout a warning to his brother and another at the still—authorized the jury to find that he was connected with the operation of the still and in possession of the whisky stored there.

The judge of the superior court erred in overruling the petition for certiorari in cases numbered 32461 and 32462, wherein the defendants were attempted to be charged with the offense of illegally possessing a distilling apparatus.

The judgments overruling the petitions for writs of certiorari in cases Nos. 32460 and 32463, wherein the defendants were. charged with the offense of illegally possessing non-tax-paid whisky are without error for the reasons assigned in the 3rd division of the decision.

*Judgment affirmed as to cases Nos. 32460 and 32463; reversed as to cases Nos. 32461 and 32462. MacIntyre, P. J. and Gardner, J., concur.*