### 34536. HILLIARD v. THE STATE.

DECIDED MARCH 13, 1953.

*Fred A. Gillen,* for plaintiff in error.

*E. P. Shull, Solicitor,* contra.

GARDNER, P. J.  As we view the questions presented by the record now before this court, we are confronted with this question: Can a defendant be lawfully sentenced in a misdemeanor case, where he enters a plea of guilty to an accusation which is void, in that therein no offense is charged?  This brings up for determination whether or not the accusation stated an offense. Code § 58-209 provides: "It shall be unlawful for any . . individual to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in section 58-201.  When any such apparatus is found or discovered upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same, and upon conviction therefor, shall be punished as for a misdemeanor, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises."  It seems that the gravamen of the offense charged under this statute is to knowingly have, possess or locate on one's premises such apparatus.  The accusation should even describe the premises. See *Johnson v. State,* 152 *Ga.* 270 (2) (109 S. E. 673).  The apparatus must be found on the defendant's premises and in his possession or control or in the control or possession of someone permitted by him to have the same.  See *Johnson v. State,* supra; *Johnson v. State,* 79 *Ga. App.* 210 (53 S. E. 2d, 498).  In the latter case this court ruled: "The gravamen of the offense making penal the possession of an apparatus for illegally distilling alcoholic liquors, as provided in Code § 58-209, is knowingly having upon one's premises such an apparatus or knowingly permitting or allowing another to do so.  Accordingly, an accusation charging that the defendant 'did unlawfully have and possess an apparatus for the distilling and manufacturing

of spirituous, vinous, malted, fermented, and intoxicating liquors and beverages, said apparatus consisting of one 75 gallon copper still, one thumper keg, and 240 gallons of mash,' is subject to demurrer because it fails to allege that the defendant *knowingly* had the same on his *premises,* or that he knowingly permitted another to do so." (Italics ours.) In the body of the decision this court said: "The gravamen of the offense is knowingly having upon one's premises an apparatus for the illegal manufacturing of alcoholic beverages. . . This statute does not make penal the possession of such apparatus other than on the premises of the defendant. The possession of such an apparatus other than on one's premises is not unlawful." *Alexander* v. *State,* 25 *Ga. App.* 175 (102 S. E. 878); *Brown* v. *State,* 67 *Ga. App.* 550 (21 S. E. 2d, 268); *Edwards* v. *State,* 25 *Ga. App.* 179 (102 S. E. 847). This court ruled that the accusations in that case failed to charge any offense against the defendants therein. The accusation in the instant case charged that the defendant did on the 12th day of August, 1952, "personally have in his possession apparatus usable for the distilling and manufacturing of" alcoholic liquors, and failed to state that the defendant knowingly possessed same on his premises or allowed some other person to have same on his premises. This accusation failed to state against the defendant any offense. He can admit every allegation thereof, and yet will not be guilty of offending the laws of this State. *Johnson* v. *State,* 79 *Ga. App.* 210, 213, supra. The accusation was therefore void, and any sentence based thereon was illegal and contrary to law. In the act creating the City Court of Lexington (Ga. L. 1899, pp. 395, 403), it is provided that the defendant in criminal cases shall be tried upon written accusation, setting forth plainly the offense charged. Where the defendant can admit every allegation in an indictment or accusation, and not be guilty of any act transgressing the laws of this State, his motion in arrest of the judgment and sentence should be sustained. *Rambo* v. *State,* 25 *Ga. App.* 390 (103 S. E. 494); *Butts* v. *State,* 46 *Ga. App.* 174 (167 S. E. 209). This accusation therefore was fatally defective and hence absolutely void. Therefore, when the defendant entered a plea of guilty, thereby admitting that he was in possession of apparatus used for the manufacture of intoxicating and alcoholic liquors

and beverages, he did not admit facts showing him guilty of any violation of the law. Such plea of guilty would not render the judgment and sentence of the court valid. An admission or plea of guilty by a person to having done certain things which are not unlawful does not authorize the imposition of a sentence on him as if he had committed some penal offense. In 8 Ruling Case Law, 116, § 85, we find this text: "A plea of guilty admits only the acts charged and does not preclude the defendants from claiming that they do not constitute a crime." A defendant, by pleading guilty, waives all defenses other than that the indictment or accusation charges no offense. Kachnic v. U. S., 53 Fed. 2d, 312 (79 A. L. R. 1366). In other words, the defendant admits only the acts charged and is not precluded from claiming that such facts do not constitute a crime. 14 Am. Jur. 953, § 272, and cit. The plea of guilty raises no estoppel against him so as to prevent him from raising the question whether he could be convicted on the indictment or accusation against him. Idem, citing Rex v. Plummer, 2 K. B. (Eng.) 339, 4 B. R. C. 917. While a plea of guilty admits all averments of fact in the indictment or accusation and waives any defects therein in matters of form and not jurisdictional, such a plea will not prevent the defendant from claiming that such facts do not constitute a crime. See Weir v. U. S., 92 Fed. 2d, 634 (114 A. L. R. 481). In *Rowland* v. *State*, 72 *Ga. App.* 793, 799 (35 S. E. 2d, 372), s. c. 199 *Ga.* 340 (34 S. E. 2d, 577), this court dealt at length with pleas of guilty and the right of the defendant to withdraw the same and as to the discretion of the trial judge relative thereto, and in its opinion held: "It is true, as contended by the State, that a plea of guilty stands upon the same footing as a conviction of guilty by a jury. . . A plea of guilty is a conviction of the highest order and waives all defenses other than that the *indictment charges no crime.* 14 Am. Jur. 952, § 272." (Italics ours.) Reference is also made to *Mathis* v. *Scott*, 199 *Ga.* 743 (35 S. E. 2d, 285); *Lumpkin* v. *American Surety Co.*, 69 *Ga. App.* 887 (27 S. E. 2d, 412); Code, § 27-1404.

The accusation in the instant case charged no offense, and was therefore fatally defective. The motion in arrest of judgment was properly taken, and should have been sustained by

the trial court. It was error for the trial judge to overrule and deny the same. This renders it unnecessary to pass upon whether or not the trial court erred in not permitting the defendant to withdraw his plea of guilty. However, it is held that judgment is pronounced whenever the defendant is officially informed by the court of the sentence, and he cannot, as a matter of right, thereafter withdraw his plea of guilty. *Griffin* v. *State,* 12 *Ga. App.* 615 (77 S. E. 1080). After sentence is pronounced, the matter is then within the sound discretion of the trial judge. *Griffin* v. *State,* supra; *Strickland* v. *State,* 199 *Ga.* 792 (35 S. E. 2d, 463). So a plea of guilty may be withdrawn as a matter of right before sentence, and after sentence on meritorious grounds in the discretion of the trial judge. *Bearden* v. *State,* 13 *Ga. App.* 264 (79 S. E. 79); and see *Rowland* v. *State,* supra.

It follows that the court erred in overruling the defendant's motion in arrest of judgment, which was timely interposed.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*