### 37160. SMITH *v.* CITY OF ALBANY.

CARLISLE, Judge. Lillie Pearl Smith was tried and convicted in in the Recorder's Court of the City of Albany on a charge under the provisions of Chapter 14, § 16 (a) of the Code of the City of Albany, making it "unlawful for any person to possess any ticket, number, combination, or anything representing a chance in any lottery or gift enterprise, commonly known as bolita or number's game, or other similar scheme or device, within the corporate limits of the city or the police jurisdiction thereof." Her petition for certiorari to the superior court, after having been sanctioned, was overruled, and the exception here is to that judgment. In the brief and argument of counsel for the plaintiff in error before this court, the only contentions are that the ordinance of the City of Albany under which the defendant was convicted is "illegal and void" because it does not provide that the possession of lottery paraphernalia must be coupled with the intent to violate the ordinance, and that the ordinance is in direct conflict with the provisions of the Constitution of the State of Georgia (Code., Ann., § 2-204), prohibiting lotteries and the sale of lottery tickets. *Held:*

1. While the defendant in her petition for certiorari sought to raise the constitutionality of the ordinance with respect to Art. 1, Sec. 1, Par. 3 of the State Constitution and with respect to the Fourteenth Amendment of the Federal Constitution, the due-process clauses of the respective Constitutions, the constitutionality of the ordinance with respect to these provisions, if it was raised in the Recorder's Court of the City

of Albany at all, was referred to only in the second of the demurrers filed which alleged that said ordinance is illegal and void because it makes the mere possession of lottery tickets and the like, uncoupled with any wrongful intention, a crime, whereas the State law requires a union, or a joint operation of act and intention or criminal negligence to constitute a crime. This ground of demurrer does not specify by chapter number, section number, or paragraph number, or in any other manner identify what law or constitutional provision it is contended is violated by the ordinance attacked. Such an attack was entirely too vague and general to raise any question as to the constitutionality of the ordinance insofar as it might contravene the due-process clauses of the State and Federal Constitutions. *Tooke* v. *State,* 4 *Ga. App.* 495 (1a) (61 S. E. 917); *Parker-Hensell Eng. Co.* v. *Schuler,* 7 *Ga. App.* 396 (2) (66 S. E. 1038). This question not having been properly raised before the recorder's court could not be raised and insisted upon for the first time in the petition to the superior court for certiorari. *Lunsford* v. *State,* 187 *Ga.* 162 (199 S. E. 808). It follows that the trial court did not err in overruling the certiorari insofar as it sought to raise the constitutionality of the ordinance under the due-process clauses of the State and Federal Constitutions.

2. The section of the Code of the City of Albany under which the defendant was convicted merely makes the possession of any ticket, etc., unlawful, and it does not prohibit lotteries or the sale of lottery tickets, nor does it make the selling or procuring or furnishing of any ticket, etc., or the operation of a lottery a crime. If it may be said that the other grounds of demurrer interposed by the defendant in the Recorder's Court of the City of Albany and attacking the ordinance on constitutional grounds sufficiently raised the question as to whether the ordinance violated the provisions of Art. 1, Sec. 4, Par. 1 (Code, Ann., § 2-401) of the State Constitution prohibiting the enactment of any local or special law in conflict with the general law and affecting private rights, such demurrers were properly overruled since an examination of the particular ordinance under attack and under which the defendant was convicted shows that it does not purport to make criminal that which is by the constitutional and statutory provisions referred to in those grounds of demurrer made a crime. The constitutional and statutory provisions referred

to in these grounds of demurrer, namely, Constitution of the State of Georgia of 1945, Art. 1, Sec. 2, Par. 4 (Code, Ann., § 2-204), and Code §§ 26-6501 and 26-6502, do not prohibit the mere possession of lottery tickets and other paraphernalia or make such possession a crime.

3. The trial court did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner, P. J., concurs. Townsend, J., concurs specially.*

DECIDED JUNE 23, 1958.

*Frank F. Faulk, Jr.,* for plaintiff in error.

*H. G. Rawls,* contra.

TOWNSEND, Judge, concurring specially. .1. I do not believe the second ground of demurrer attempts to raise a constitutional question, but it merely contends that the ordinance is void in that it attempts to make a crime an act which may be done without criminal intent. However, I do not think this ground of demurrer is good. The criminal intent referred to in Code § 26-201 is an intent to do an act which is by law prohibited. *Balark* v. *State*, 81 *Ga. App.* 649, 652 (59 S. E. 524); *Aetna Life Ins. Co.* v. *Carroll*, 169 *Ga.* 333, 343 (150 S. E. 208). *Reid* v. *Perkerson*, 207 *Ga.* 27 (60 S. E. 2d 151) sustained the validity of an ordinance making illegal the possession of lottery tickets with intent to patronize a lottery. The ordinance here goes further, making the possession of such tickets illegal regardless of the purpose for which they are possessed. The intent to possess them is the only criminal intent involved. We have similar statutes relating to possessing liquor (Code § 58-201) and possessing apparatus for distilling (Code § 58-209), and the purpose of the possession is not a part of the crime. Code § 58-209 was, in *Johnson* v. *State*, 152 *Ga.* 270 (109 S. E. 673), held not void because too vague and uncertain for enforcement, and it would appear that the same is true here. Other States have upheld statutes making mere possession of lottery tickets a crime. See *Ford* v. *State*, 85 Md. 465 (37 Atl. 172, 41 L.R.A. 551); *Ferguson* v. *U.S.*, 123 Atl. 2d 615, affd. 239 Fed. 2d 952.

2. A further ground of demurrer contends that the proviso

in the ordinance as follows: "this section shall not apply to lotteries or drawings where the entire proceeds are used exclusively for charity only" is void because in conflict with Art. 1, Sec. 2, Par. 4 of the Constitution of this State (Code, Ann., § 2-204) providing: "All lotteries, and the sale of lottery tickets, are hereby prohibited; and this prohibition shall be enforced by penal laws." The Constitution does not by this provision remove jurisdiction from municipalities to enact penal ordinances regarding this subject matter if it would otherwise be proper for them to do so. As to the proviso in the ordinance, however, there can be no lottery ticket without the existence of a lottery. By Constitutional definition, since all lotteries are illegal, lotteries for charitable purposes are also illegal, and if possession of lottery tickets is made an offense, then their possession for charitable purposes must likewise constitute an offense, and any such attempted discrimination based on the purpose of the lottery would, if properly attacked, render the ordinance unconstitutional. A proper attack might be based on the proposition that since the ordinance attempts a discrimination between classes of persons possessing the tickets, based on the purpose of the lottery (no such discrimination being possible in view of Code, Ann., § 2-204) a defendant convicted under such an ordinance has been denied equal protection of the laws under Art. 1, Sec. 1, Par. 2 (Code, Ann., § 2-102) of the State Constitution. As stated in 16A, C.J.S., Constitutional Law § 563: "It is the general doctrine, however, that the law relative to those who may be charged and convicted of crime shall operate equally on every citizen or inhabitant of the State, and a statute or ordinance is void as contravening the equal protection guaranty which makes an act a crime when committed by one person, but not so when committed by another in like situation . . . or which makes the question as to whether a certain act is criminal or not depend on an arbitrary or unreasonable distinction between persons or classes of persons committing it." I concur, however, in the majority opinion to the effect that this constitutional question was not properly raised by any of the demurrers, and that it was not error to deny the petition for certiorari.