### 39715. WILLIAMS v. THE STATE.

DECIDED SEPTEMBER 18, 1962.

*W. W. Larsen*, for plaintiff in error.

*W. W. Larsen, Jr., Solicitor General*, contra.

NICHOLS, Presiding Judge. ■ The first special ground assigns error on the failure of the trial court to charge, without request: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." See *Code* § 38-420.

The Supreme Court and this court have held on numerous occasions that it is not error in the absence of a timely written request, to fail to so charge, and the case of *Rucker v. State*, 2 Ga. App. 140 (58 SE 295), cited by the defendant in support of such special ground has been distinguished from cases like the one sub judice where the conviction was not based on the Ga. App. 550, 553 (21 SE2d 268), and citations. confession alone but was corroborated. See *Brown v. State*, 67

■ The remaining special ground of defendant's motion for new trial assigns error on the failure of the court, without request, to charge: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." See *Code* § 38-109.

"Where a defendant is on trial for murder, and the State relies partly upon circumstantial evidence for conviction, and the defendant in his statement to the jury admits killing the deceased but seeks to justify himself, and there is also evidence tending to show admissions of the defendant to the same effect, it is not error to omit to instruct the jury on the law of circumstantial evidence." *Butler v. State*, 143 Ga. 484 (1) (85 SE 340). See also *Harris v. State*, 152 Ga. 193 (5) (108 SE 777), and citations. The defendant in the present case admitted stabbing the deceased and sought to establish justification. Under such evidence the trial court did not err in failing to charge, without request, on circumstantial evidence.

■ The evidence authorized the conviction and the trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*